[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before the court are motions for summary judgment filed by defendants, Town of Hamden, Mayor Carusone, Syl C. Tully, CT Page 3166 and Vincent DeAngelis.
Rodney Oppel brought the first captioned case against the Town of Hamden on August 3, 1993, pursuant to General Statutes §52-557n(a)(1)(A)[1] to recover for injuries he suffered on July 27, 1991, while working on a construction project to rebuild the Davis Street Bridge over Lake Whitney in Hamden. In addition to the Town of Hamden, the complaint also names as defendants John L. Carusone, the former Mayor of Hamden; Syl C. Tully, a former employee in the Hamden Engineering Department; and Vincent DeAngelis, a current employee in the Hamden Engineering Department.
The second captioned case was brought against Cardinal Engineering Associates, Inc. (Cardinal), the consulting engineer hired by the Town to oversee the project, and the Joseph F. Kelly Co. (Kelly), the general contractor on the project. Mr. Oppel was employed by Bradley Upson, Inc., a subcontractor hired by Kelly to construct cofferdams needed to dewater the work area. Kelly has cited in the Town of Hamden and Vincent DeAngelis as defendants in this second case.
In the first count of Oppel v. Town of Hamden, the plaintiff alleges that his injuries were caused by the negligence of the Town of Hamden and Mayor Carusone. The complaint alleges that they failed to supervise the project adequately or to take reasonable precautions so as to avoid structural collapse during construction, that they failed to provide a safe work place for contractors working on a Town of Hamden project, that they allowed work to continue outside normal working hours, that they failed to appropriate or provide enough money to make the project safe, and that they should have known that the plans to rebuild the bridge in segments was improper. Counts two and three make the same allegations against Sully and DeAngelis, respectively, adding the allegation that they did not conduct themselves as reasonably prudent engineers would do in such circumstances. The fourth count is brought pursuant to General Statutes § 7-465 against the Town of Hamden for indemnification for the actions of its employees, Carusone, Tully, and DeAngelis. The second, third, and fourth counts in Oppel v. Cardinal Engineering Associates, Inc. make similar claims against the Town of Hamden and Vincent DeAngelis.
The defendants move for summary judgment on all counts against them on the ground that the Town of Hamden was not involved in the construction project to the extent alleged in the complaint. They argue that as owners of the bridge, their only involvement was in CT Page 3167 hiring the general contractor and consulting engineer, and that they had no control over how the project was conducted or any plans or specifications for the bridge.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Doty v.Mucci, 238 Conn. 800, 805-06.
The defendants argue that they were not involved in the bridge reconstruction project in the manner alleged by the plaintiff and, therefore, cannot be held liable for the injuries incurred by the plaintiff at the work site. They submit an affidavit of Mr. DeAngelis, the Inspection Chief with the Town of Hamden Engineering Department, who avers that the Town hired experts to handle all aspects of the bridge reconstruction project because such a project is beyond the capabilities of a local engineering department. He states further that no employee of the town ever provided engineering services to the project nor had any responsibility for supervision over any of the plans or any of the work being done at the site, but rather Cardinal Engineering handled all such matters in collaboration with the general contractor. Mr. DeAngelis also states that he and Mr. Tully served only as liaison between the Town and Cardinal to keep the Town apprised of progress on the project.
The plaintiff offers nothing that directly contradicts these statements. Instead, the plaintiff argues that this motion is premature, and that further discovery is necessary to determine what role the Town and its employees had in overseeing the project. The plaintiff offers a deposition of Mr. Gonenc, who prepared the plans for the Maguire Group (Maguire), the design engineers, by which he tries to create an issue of fact concerning who selected Kelly as general contractor, the Town or Maguire. This issue is not material as to the Town's involvement in the project as alleged CT Page 3168 in the complaint, because the complaint makes no allegations concerning negligent hiring of the contractor, only that the Town itself was negligent in the design of the bridge and the daily supervision of the construction project. The plaintiff also offers excerpts from a deposition of Mr. DeAngelis, in which he states that the Town dealt directly with Cardinal Engineering and that "Cardinal was the town." If anything, this lends support to the defendants' position that the town and its employees made no substantive contribution to the project. Mr. DeAngelis states that Cardinal inspected the quality of the work and reported back to the town on the progress of the project, and that for any design problems, Cardinal would go directly to Maguire.
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]" Barrett v.Danbury Hospital, 232 Conn. 242, 255.
Plaintiff has not sustained his burden of presenting evidence of a genuine issue of material fact. The mere assertion that facts may exist to contradict the evidence presented by the defendants is not sufficient to defeat the motion.
The motion for summary judgment on counts one, two, and three of Oppel v. Town of Hamden is granted because there is no genuine issue of material fact concerning the involvement of the Town of Hamden or its employees in the project. Summary judgment is granted on count four, as no town employee remains in the case as a defendant and, hence, the indemnification claim against the Town must also fail.
The motion for summary judgment on counts two, three and four of Oppel v. Cardinal Engineering Associates, Inc. is granted as to the defendants Town of Hamden and Vincent DeAngelis for the same reasons.
Ronald J. Fracasse, Judge CT Page 3169