[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
The pro se plaintiff, Henry Berry Jr., filed an amended three-count complaint on May 20, 1997 against the defendants, Darlene Knight and Michael Knight Co. The plaintiff alleges that the defendants failed to provide the plaintiff with documentation of the extent of Darlene Knight's automobile insurance during the course of litigation stemming from an automobile accident involving the plaintiff and Darlene Knight which occurred on April 30, 1990.[1] Count one alleges that CT Page 9658 Darlene Knight misrepresented or was fraudulent in not providing information concerning her insurance coverage at the time of the accident. Count two alleges that Darlene Knight was negligent or grossly negligent in failing to provide the requested insurance information. Count three alleges that Darlene Knight and Michael Knight Co. conspired to conceal the fact that Michael Knight 
Co. might have been liable to the plaintiff for the plaintiff's injuries based on the relationship between Darlene Knight and Michael Knight Co.[2]
The defendants filed a motion for summary judgment on June 11, 1997, on the ground that no genuine issue of material fact exists with respect to the fact that the plaintiff has brought the present suit more than three years after the alleged tort occurred, in contravention of General Statutes § 52-577.[3]
In an objection dated June 20, 1997, the plaintiff argues that the three year limitation period of § 52-577 was tolled by the later-discovered fraud and misrepresentations of the defendants, and therefore § 52-595[4] is applicable.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doty v.Mucci, 238 Conn. 800, 805, 679 A.2d 945 (1996). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Id. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Id., 805-06. "Summary judgment may be granted where the claim is barred by the statute of limitations." Id., 806.
In support of its motion, the defendants have submitted a decision of the court, Skolnick, J., granting a motion for summary judgment in favor of the defendants on a separate issue.[5] (Motion For Summary Judgment, Exhibit A.) The defendants also submitted a copy of the May 20, 1997 complaint.[6] (Motion For Summary Judgment, Exhibit B.) CT Page 9659
The amended complaint alleges in count one paragraph 5 that Darlene Knight "did misrepresent, conceal, or otherwise make statements which she knew to be false or should have known were false" through April 21, 1994. Count two alleges in paragraph 5 that Darlene Knight was negligent or grossly negligent with respect to the plaintiff through April 21, 1994. No relevant dates are included with regard to the civil conspiracy allegations of count three. When read in the light most favorable to the nonmovant; Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202, 663 A.2d 1001 (1995); the amended complaint alleges facts which show that the torts alleged continued from at least October 11, 1991 through April 21, 1994. "[W]hen the wrong sued upon consists of a continuing course of conduct, the statute does not begin to run until that course of conduct is completed."Fichera v. Mine Hill Corp., 207 Conn. 204, 208, 541 A.2d 472
(1988). Here, it is alleged that the course of the defendants' tortious conduct continued through April 21, 1994. As April 21, 1994 is less than three years from the date the plaintiff filed this suit, there is no need for the plaintiff to plead and prove facts under § 52-595, as the plaintiff is in compliance with the three year limitation contained in § 52-577.[7]
Based on the foregoing, the defendants' motion for summary judgment (#125) will be denied, as the plaintiff's claims are timely under § 52-577.
So ordered.
MICHAEL HARTMERE JUDGE OF THE SUPERIOR COURT