[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS FOR SUMMARY JUDGMENT
The plaintiff, Cynthia Kapral, has filed this suit against her former employer, King Conn Enterprises, Inc., alleging that she was wrongfully discharged after the Burger King restaurant where she was manager was robbed and $2,900 taken. At issue is count eight, wherein the plaintiff alleges that by the defendant's actions in "demanding [the plaintiff] to repay the stolen money by the CT Page 9134 withholding of her wages without authorization and terminating her because she refused to participate in defendants' [sic] unlawful scheme, defendants [sic] have breached a clear mandate of public policy . . . ."[1]
On April 22, 1997, the plaintiff filed a motion for summary judgment as to count eight, asserting that there is no genuine issue as to any material fact regarding that count. The defendant also filed a motion for summary judgment as to count eight on May 27, 1997, asserting that the plaintiff's motion should be denied, and that the court should rule in its favor. The plaintiff filed a reply memorandum on June 9, 1997.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Doty v. Mucci, 238 Conn. 800, 805, 679 A.2d 945 (1996). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Id. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Id., 805-06.
In support of her contention that there is no genuine issue of material fact as to whether she was forced to pay money to her employer which she did not owe or be discharged, the plaintiff has submitted an affidavit of Lance Poland, District Manager; a memorandum purportedly prepared by Mary E. Moore, an investigator with the Commission on Human Rights and Opportunities (CHRO); and a verdict form from a federal trial between the parties.[2] The plaintiff argues that the issue of whether the plaintiff quit or was terminated has been decided by a jury, and that the issue has been resolved conclusively in her favor.
The defendant argues that the jury's verdict in the federal court case was limited to whether the defendant intentionally discriminated against the plaintiff under Title VII of the Civil Rights Act. Thus, the present issue of whether the plaintiff was terminated from her job for failure to pay back the stolen money CT Page 9135 was not fully litigated during the federal trial. The defendant next argues that there are disputed issues of material fact as to whether the plaintiff was terminated or quit. The defendant refutes the plaintiff's argument that Lance Poland's affidavit indicates that she was terminated because she would not pay back the stolen money. The defendant also argues that the CHRO memorandum is inadmissible because it contains hearsay.[3] The defendant further argues that it has submitted documents that show that the plaintiff voluntarily quit her job, such as Lance Poland's affidavit, and a portion of the plaintiff's testimony from the federal trial. In addition, the defendant moves for summary judgment on its own behalf as to count eight, arguing that the plaintiff has failed to plead the necessary facts to demonstrate that the public policy contained in General Statutes § 31-73 is applicable to the present case.
"Collateral estoppel, or issue preclusion, prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action. . . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action." (Citations omitted; internal quotation marks omitted.) In order for collateral estoppel to apply, [moreover], there must be an identity of issues, that is, the prior litigation must have resolved the same legal or factual issue that is present in the second litigation." (Citations omitted; internal quotation marks omitted.) Connecticut NationalBank v. Rytman, 241 Conn. 24, 38, ___ A.2d ___ (1997). "[A] prior federal decision that satisfies either the doctrine of collateral estoppel or that of res judicata may have a preclusive effect on subsequent state litigation." Id., 37.
While the factual issue of whether the plaintiff was terminated by the defendant has been decisively determined, genuine issues of material fact remain in dispute as to whether the plaintiff was terminated in violation of public policy. The plaintiff has submitted a copy of the certified jury verdict form from the case of Cynthia Kapral v. King Conn Enterprises, Inc.,
Civil No. 3:93CV1254 (AHN), United States District Court, District of Connecticut. (Motion For Summary Judgment # 113, Exhibit A). The caption indicates that the parties involved in the federal case and the present case are identical. The body of the verdict form indicates that the federal jury, in order to determine if the plaintiff was terminated due to her gender, necessarily had to determine whether she was terminated from her position with the defendant. Although the federal jury did not find the defendant CT Page 9136 had engaged in intentional gender discrimination, it did decide that the plaintiff was terminated by the defendant. The jury verdict form indicates that the issue of whether the plaintiff was terminated was actually and necessarily litigated as a part of the plaintiff's federal Title VII claim. In addition, the defendant has supplied two pages of the plaintiff's testimony wherein she is questioned as to whether she voluntarily handed over her keys to the agents of the defendant. (Motion For Summary Judgment # 116, Exhibit D). This demonstrates that during the federal trial the parties were given the opportunity to, and actually did, litigate the issue of whether the plaintiff was terminated by the defendant.
Count eight of the present case, however, is concerned with whether the plaintiff was terminated because she would not pay the defendant the $2,900 stolen during the robbery. The defendant has submitted exhibits indicating that the plaintiff may have been terminated due to her failure to follow security procedures, inadequate job performance, or her refusal to work nights. (Motion For Summary Judgment # 116, Exhibits A, B, D). Because the reason for the plaintiff's termination was not fully and fairly litigated during the federal jury trial, and because this issue represents a genuine issue of material fact, the plaintiff's motion for summary judgment as to count eight must be denied.
The defendant's argument in support of its cross motion for summary judgment is that § 31-73 is not applicable here, because the plaintiff never repaid and the defendant never demanded that the plaintiff repay the stolen $2,900. The argument that "the facts as asserted by the plaintiff do not support a claim under the statute" is not appropriately raised under on a motion for summary judgment. Rather, the defendant should raise such an argument within a motion to strike, because the defendant's argument tests the legal sufficiency of the plaintiff's pleading. See Napoletanov. Ciana Healthcare of Connecticut, Inc., 238 Conn. 216, 232,680 A.2d 127 (1996). Furthermore, the demand for repayment in lieu of termination is a disputed issue of material fact.
For the foregoing reasons, the plaintiff's motion for summary judgment as to count eight of the complaint (#113) will be denied, and the defendant's cross motion for summary judgment (#116) also will be denied.
So ordered.
MICHAEL HARTMERE CT Page 9137 JUDGE OF THE SUPERIOR COURT