[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT(#188) AND MOTION FOR SUMMARY JUDGMENT (#213)
In August of 1996, the plaintiff, Swiss Bank Corporation New York Branch, commenced this mortgage foreclosure action against the defendants, Greenwich American Limited Partners (GALP) and Huckleberry Ltd. The plaintiff holds a mortgage on a premises owned by GALP, as security for a 105 million dollar note. Huckleberry Ltd. is the assignee of a second mortgage on the GALP premises, valued at approximately 46 million dollars.
On May 13, 1997, the defendant, Huckleberry Ltd. filed a motion for summary judgment on a special defense to the plaintiff's foreclosure action. On July 25, 1997, the plaintiff filed a cross-motion for summary judgment seeking a determination that the 1 defendant's special defense is without merit.
Summary judgment is granted only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Doty v. Mucci, 238 Conn. 800, 805,679 A.2d 945 (1996). However, summary judgment is "ill adapted to cases of a complex nature . . . which often need the exploration of trial." United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 375, 260 A.2d 596 (1969). See also Miller v. UnitedTechnologies Corp., 233 Conn. 732, 752, 660 A.2d 810
(1995) (summary judgment is ill suited to dispose of complex cases.).
In the present case, the parties spend approximately twenty pages, collectively, dispelling the facts of this case. These facts include allegations that the defendant "is a pawn of GALP and that the sole purpose of Huckleberry's intervention in this action is to delay its resolution." (Plaintiff's memorandum, p. 2.) The defendant claims that "[i]t would be bizarre to conclude that [the plaintiff] can come to this court with unclean hands . . . and not be disqualified" from pursing this action. Based on these allegations, and others, it appears that there are many underlying facts which remain in dispute. As such, this case is not ripe for summary judgment.
Further, "[t]he decisions of the Connecticut Superior Court, including decisions of this court, are almost in unanimous agreement that a motion for summary judgment as to a special defense is improper. . . . Such a motion is improper because Practice Book § 379 does not provide for summary judgment on special defenses." (Citations omitted.) Dubourg v. Osborn,
Superior Court, judicial district of Litchfield, Docket No. CT Page 8872 065070 (July 5, 1995, Pickett, J.).
Here, both motions for summary judgment are based on the defendant's special defense. As such both motions for summary judgment are denied.
HICKEY, J.