## MATTHEW W. DOTY ET AL. *v.* STEVE MUCCI
### (15380)

Callahan, Berdon, Norcott, Katz and Palmer, Js.

Argued May 2—officially released August 13, 1996

*Lori Welch-Rubin,* with whom was *Joseph R. Mirrione,* for the appellants (plaintiffs).

*Mark A. Milano,* for the appellee (defendant).

NORCOTT, J. The sole issue in this appeal is whether the trial court properly determined that the claim filed by the plaintiffs, Matthew W. Doty and Denise Doty, for reimbursement of certain containment costs pursuant to General Statutes § 22a-452,[1] was time barred. The

---

[1] General Statutes § 22a-452 provides: "Reimbursement for containment or removal costs. Liability for certain acts or omissions. (a) Any person, firm, corporation or municipality which contains or removes or otherwise mitigates the effects of oil or petroleum or chemical liquids or solid, liquid or gaseous products or hazardous wastes resulting from any discharge, spillage, uncontrolled loss, seepage or filtration of such substance or material or waste shall be entitled to reimbursement from any person, firm or corporation for the reasonable costs expended for such containment, removal, or mitigation, if such oil or petroleum or chemical liquids or solid, liquid or gaseous products or hazardous wastes pollution or contamination or other emergency resulted from the negligence or other actions of such person, firm or corporation. When such pollution or contamination or emergency results from the joint negligence or other actions of two or more persons, firms or corporations, each shall be liable to the others for a pro rata share of the costs of containing, and removing or otherwise mitigating the effects of the same and for all damage caused thereby.

"(b) No person, firm or corporation which renders assistance or advice in mitigating or attempting to mitigate the effects of an actual or threatened discharge of oil or petroleum or chemical liquids or solid, liquid or gaseous products or hazardous materials, other than a discharge of oil as defined in section 22a-457b, to the surface waters of the state, or which assists in preventing, cleaning-up or disposing of any such discharge shall be held liable, notwithstanding any other provision of law, for civil damages as a result of any act or omission by him in rendering such assistance or advice, except acts or omissions amounting to gross negligence or wilful or wanton misconduct, unless he is compensated for such assistance or advice for more than actual expenses. For the purpose of this subsection, 'discharge' means spillage, uncontrolled loss, seepage or filtration and 'hazardous materials' means any material or substance designated as such by any state or federal law or regulation.

"(c) The immunity provided in this section shall not apply to (1) any person, firm or corporation responsible for such discharge, or under a duty to mitigate the effects of such discharge, (2) any agency or instrumentality of such person, firm or corporation or (3) negligence in the operation of a motor vehicle."

plaintiffs appeal from the trial court's grant of summary judgment in favor of the defendant, Steve Mucci, doing business as Steve's Oil Burning Service. We affirm the judgment of the trial court.

For the purposes of this appeal, the following facts are not in dispute. On September 17, 1988, the defendant installed an oil tank at the residence of Peter Silver in Sandy Hook. On June 21, 1991, the plaintiffs purchased the property from Silver. In July, 1991, the plaintiffs discovered that the well on their property had been contaminated. On June 23, 1993, the plaintiffs filed a claim against the defendant alleging that on September 17, 1988, he had negligently installed and filled an oil tank on the property, thereby causing the discharge of 200 gallons of oil. As a result, the plaintiffs alleged that their well was contaminated with petroleum hydrocarbons. The plaintiffs further alleged that they had incurred and would continue to incur costs to "obtain or otherwise mitigate the effects of the contamination." They sought, pursuant to § 22a-452, reimbursement from the defendant of the "reasonable cost expended . . . to contain, remove or otherwise mitigate the contamination."[2]

In his amended answer to the plaintiffs' complaint, the defendant raised a special defense alleging that the plaintiffs' claim was barred by the applicable statute of limitations, namely, either General Statutes § 52-577 or General Statutes § 52-584.[3] Subsequently, the defendant

---

[2] Subsequently, this case was consolidated with the case of *Doty* v. *Silver*, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 92 02923192 S.

[3] General Statutes § 52-577 provides: "Action founded upon a tort. No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

General Statutes § 52-584 provides: "Limitation of action for injury to person or property. No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist,

moved for summary judgment on the basis of the special defense. In support of his motion, the defendant argued that: (1) because the plaintiffs' claim sounded in negligence, it was governed by § 52-584, pursuant to which it was time barred; or (2) alternatively, the claim was governed by § 52-577, pursuant to which it was also time barred. The plaintiffs argued that the applicable statute of limitations for claims brought under § 22a-452 was General Statutes § 52-577c (b),[4] pursuant to which their claim was timely.[5]

Thereafter, the trial court granted the defendant's motion for summary judgment. The trial court did not determine which of the statutes of limitations advanced by the parties was applicable, reasoning that "[r]egardless of which statute of limitations applies to actions brought pursuant to General Statutes § 22a-452, the action [in the present case] must have been brought no later than September 17, 1991," and that the plaintiffs' claim, having been brought after that date, was time

---

podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed."

[4] General Statutes § 52-577c provides in relevant part: "Limitation of action for damages caused by exposure to a hazardous chemical substance or mixture or hazardous pollutant. . . . (b) Notwithstanding the provisions of sections 52-577 and 52-577a, no action to recover damages for personal injury or property damage caused by exposure to a hazardous chemical substance or mixture or hazardous pollutant released into the environment shall be brought but within two years from the date when the injury or damage complained of is discovered or in the exercise of reasonable care should have been discovered. . . ."

[5] Before the trial court, the defendant argued in response that, even if § 52-577c applied to the plaintiffs' claim, the claim was nevertheless time barred because § 52-577c (b) incorporates a requirement that claims be brought within three years from the act or occurrence upon which the claim is based. The defendant does not advance this interpretation of § 52-577c (b) on appeal.

barred. The plaintiffs appealed from the judgment of the trial court to the Appellate Court and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

On appeal, the plaintiffs claim that the trial court improperly determined that their claim was barred by the statute of limitations. Specifically, the plaintiffs argue that claims brought pursuant to § 22a-452 are governed by § 52-577c (b) and that, because their claim was brought within two years of their discovery of the contamination, their claim was timely. The plaintiffs appear to concede that if their claim does not fall within § 52-577c, it is time barred under either § 52-577 or § 52-584 because the defendant's actions that form the basis of their claim occurred more than three years before their claim was brought.

The defendant offers several arguments in support of his claim that the trial court properly granted summary judgment on the ground that the plaintiffs' claim is time barred. First, he argues that § 52-577c is not applicable to claims brought for reimbursement of containment costs pursuant to § 22a-452 because such claims do not constitute claims for "damages for . . . property damage" within the meaning of § 52-577c or § 52-584 and, therefore, that § 52-577 is the applicable statute of limitations, pursuant to which the plaintiffs' claim is untimely. Alternatively, the defendant argues that, if claims for reimbursement pursuant to § 22a-452 are properly considered claims for property damage, § 52-584 is the applicable statute of limitations for such claims because they are grounded in negligence, and that the plaintiffs' claim is untimely under § 52-584. Finally, the defendant argues that, even if § 52-577c applies to claims brought pursuant to § 22a-452, the plaintiffs' claim does not fall within it because § 52-577c incorporates, by reference to the Comprehensive Environmental Response, Compensation, and Liability

Act (CERCLA); 42 U.S.C. § 9601 et seq.; the exclusion of petroleum from the definition of hazardous substances, and the plaintiffs' claim alleges petroleum contamination. Accordingly, he argues that the plaintiffs' claim falls within either § 52-577 or § 52-584, and that under both statutes, the claim is time barred.

On the basis of our review of the record, we agree with the defendant that, even if the plaintiffs are correct that § 52-577c applies to claims brought pursuant to § 22a-452, the plaintiffs' claim falls within the petroleum exclusion, and is therefore, outside the ambit of § 52-577c. Accordingly, their claim is time barred.[6]

"The standards governing our review of a trial court's decision to grant a motion for summary judgment are well established. Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) *Miller* v. *United Technologies Corp.*, 233 Conn. 732, 744–45, 660 A.2d 810 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Internal quotation marks omitted.) Id., 745. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law; *D.H.R. Construction Co.* v. *Donnelly*, 180 Conn. 430, 434, 429 A.2d 908 (1980); and the party opposing such a motion

---

[6] Because we conclude that the plaintiffs cannot prevail even if, as they contend, § 52-577c applies to claims brought under § 22a-452, we do not reach the issue of whether § 52-577c is the applicable statute of limitations for such claims. See *State* v. *Williams*, 195 Conn. 1, 15 n.11, 485 A.2d 570 (1985) (court will not address issues the resolution of which is purely academic).

must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book § 381." (Internal quotation marks omitted.) *Suarez* v. *Dickmont Plastics Corp.*, 229 Conn. 99, 105, 639 A.2d 507 (1994). Summary judgment may be granted where the claim is barred by the statute of limitations. See *Daily* v. *New Britain Machine Co.*, 200 Conn. 562, 566–70, 512 A.2d 893 (1986); *Burns* v. *Hartford Hospital*, 192 Conn. 451, 472 A.2d 1257 (1984) (summary judgment affirmed on ground that suit barred by statute of limitations).

Section 52-577c (b), by its express terms, governs actions "to recover damages for personal injury or property damage caused by exposure to a hazardous chemical substance or mixture[7] or hazardous pollutant released into the environment . . . ." "Hazardous pollutant" is defined in the statute as "any designated, specified or referenced chemical considered to be a 'hazardous substance' under Section 101 (14) of [CERCLA] 42 U.S.C. § 9601 (14) . . . ." General Statutes § 52-577c (a) (4). The definition of "hazardous substance" in CERCLA provides in relevant part: "The term [hazardous substance] does not include petroleum, including crude oil or any fraction thereof which is not otherwise specifically listed or designated as a hazardous substance under subparagraphs (A) through (F) of this paragraph . . . ." 42 U.S.C. § 9601 (14) (1994). This provision is commonly referred to as the petroleum exclusion. *Wilshire Westwood Associates* v. *Atlantic Richfield Corp.*, 881 F.2d 801, 803 (9th Cir. 1989).

---

[7] "Hazardous chemical substance or mixture" is defined as "any chemical substance or mixture for which there is a federal standard, including any law, requirement, tolerance, prohibition, action level or similar legal authority adopted by an agency pursuant to federal law, including any such standard or legal authority adopted by a state or local government pursuant to federal law, generally intended to prevent, reduce or mitigate the risk of a disease or class or type of diseases to an individual or individuals resulting from exposure to such chemical substance or mixture . . . ." General Statutes § 52-577c (a) (3).

At oral argument, the plaintiffs conceded that § 52-577c incorporates the petroleum exclusion and that, to the extent that their claim is to recover costs for containing or mitigating petroleum discharge, it falls within the statutory exclusion and outside the scope of the extended statute of limitations of § 52-577c. The plaintiffs contend, however, that contamination attributable to an oil tank "bottom," that is sludge that forms in the bottom of a tank in which oil is stored by the settling of water and suspended solids in the oil; see *Cose* v. *Getty Oil Co.*, 4 F.3d 700, 702 (9th Cir. 1993); does not fall within the petroleum exclusion. See id.; *United States* v. *Western Processing Co.*, 761 F. Sup. 713 (W.D. Wash. 1991) (oil tank bottom sludge disposed of by oil company did not come within CERCLA petroleum exclusion). They further argue that it is "possible" that the contamination of their well was due in some part to sludge that could have been released when oil was spilled by the defendant and, therefore, there exists a question of fact as to whether the exclusion for petroleum in § 52-577c (b) applies to their claim and, consequently, as to whether the claim is time barred. We disagree.

"In evaluating the propriety of a summary judgment, we are confined to an examination of the pleadings and affidavits of the parties to determine whether (1) there is no genuine issue as to any material fact, and (2) the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) *Miller* v. *United Technologies Corp.*, supra, 233 Conn. 745. Even if we were to assume that the petroleum exclusion is properly interpreted not to include contamination due in part to the release of sludge from the bottom of the plaintiffs' oil tank,[8] and even if we were to read the pleadings

---

[8] The defendant argues that, even if the contamination was due in part to sludge from the bottom of the plaintiffs' oil tank, their claim would still fall within the petroleum exclusion because the sludge is composed of materials indigenous to petroleum. See *Wilshire Westwood Associates* v.

generously, there is simply no basis in the allegations or any evidence in the record to raise a question of fact regarding the source of the contamination of the plaintiffs' well. The plaintiffs' complaint states only that their well had become contaminated with petroleum hydrocarbons as a result of the defendant's having caused, in connection with his installation of and filling of an oil tank on the property, the discharge of 200 gallons of oil into the groundwater. The complaint fails to allege that the contamination of the well was due to sludge in addition to the oil. The plaintiffs also failed to allege that the contamination was due to sludge either in response to the defendant's special defense or by way of affidavit. "It is not enough . . . for the opposing party merely to assert the existence of . . . a disputed issue." *Burns* v. *Hartford Hospital*, supra, 192 Conn. 455. Rather, the party opposing summary judgment "must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . ." (Internal quotation marks omitted.) *Miller* v. *United Technologies Corp.*, supra, 745. On this record, there is nothing from which a fact finder could conclude that there is a sufficient foundation to give rise to a question of fact as to whether the contamination was attributable to sources other than the spilled petroleum. We conclude, therefore, that as a matter of law, the plaintiffs' claim falls within the petroleum exclusion and outside the scope of § 52-577c. Accordingly, summary judgment was properly granted in favor of the defendant on the ground that the plaintiffs' claim is time barred.

The judgment is affirmed.

In this opinion the other justices concurred.

---

*Atlantic Richfield Corp.*, supra, 881 F.2d 801; *Southern Pacific Transportation Co.* v. *California (CalTrans)*, 790 F. Sup. 983, 984 (C.D. Cal. 1991). For the purposes of this appeal, however, we need not decide that issue.