[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: MOTION FOR SUMMARY JUDGMENT #124
On December 28, 1995, the plaintiff, Dolores Morgan filed a two count complaint in medical malpractice against the defendants, Women's Medical Group, P.C. (Women's Medical), James T. Kauders, M.D. and Planned Parenthood of Connecticut, Inc. (Planned Parenthood). The plaintiff alleges in her complaint that on September 24, 1993, Kauders and Women's Medical refused to CT Page 6521 give her a timely caesarean thereby causing her to suffer various enumerated injuries. The plaintiff further alleges beginning on January 19, 1995, that she engaged Planned Parenthood to render medical services relating to a vaginal discharge, and that Planned Parenthood failed to diagnose the condition causing her medical problems.
On October 23, 1996, Planned Parenthood filed a motion for summary judgment on the ground that the plaintiff's medical problems had nothing to do with the services rendered by Planned Parenthood. Planned Parenthood filed a memorandum of law in support, an expert's affidavit, and extracts from the plaintiff's deposition testimony. The plaintiff filed a memorandum in opposition, and documentary evidence in opposition on December 4, 1996.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Citations omitted; internal quotation marks omitted.) Doty v. Mucci,238 Conn. 800, 805, 679 A.2d 945 (1996). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" Haesche v. Kissner, 229 Conn. 213, 217, 640 A.2d 89
(1994). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. (Citation omitted; internal quotation marks omitted.) Doty v.Mucci, supra, 238 Conn. 805-06.
Planned Parenthood argues that the plaintiff never had a fistula, that it had nothing to do with the causation of the plaintiff's complaint, and the plaintiff's later perineal repair. Planned Parenthood's expert also attests that Planned Parenthood's treatment was appropriate regarding the plaintiff's recurrent vaginal infections. Planned Parenthood notes in its memorandum, and the records submitted by the plaintiff show that the plaintiff first consulted with Planned Parenthood on October 24, 1994. The records provided by the plaintiff show that the CT Page 6522 plaintiff was referred by Planned Parenthood to another physician on March 31, 1995, for recurrent vaginitis. Planned Parenthood's expert attests that the plaintiff's medical records show that the perineal repair undertaken as a result of this referral was not to remedy the infections, and that the infections still continued after the operation. It is noted that Planned Parenthood has not provided any records supporting its expert's conclusions.
The court is not called upon to determine the relative strength or weakness of a plaintiff's claim, but only, on the basis of the information supplied to it, whether a genuine issue of material fact exists.
The court concludes, that there is a general issue of material fact remaining as to whether Planned Parenthood adequately diagnosed the cause of the plaintiff's complaints.
Accordingly, Planned Parenthood's Motion for Summary Judgment is denied.
THE COURT
MAIOCCO, J