[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
FACTS
This claim arises out of an automobile accident which took place on May 31, 1994, in which a motor vehicle operated by Nancy Capobianco, which Dorothy Krzyczkowski was a passenger, collided with a motor vehicle operated by Cheryl C. Boudreau (Boudreau). Dorothy Krzyczkowski has made recovery against Boudreau in the amount of $25,000, which exhausted the limits of Boudreau's liability insurance afforded by Metropolitan Property and Casualty Insurance Company.
Thereafter, on May 17, 1996, the plaintiffs, Dorothy and Raymond Krzyczkowski, filed a four count complaint against the defendants, Nancy Capobianco (Capobianco), ITT Hartford Insurance Group (ITT) and Nationwide Mutual Insurance Company (Nationwide). Count one alleged that Capobianco was negligent in her operation of the motor vehicle. The second and third counts allege claims against Nationwide and ITT, respectively, for uninsured/underinsured motorist benefits. Count four is a claim by Raymond Krzyczkowski for loss of consortium.
Capobianco filed an answer denying the material allegations set forth in the first and fourth counts. Capobianco also filed a first special defense sounding in comparative negligence as to Boudreau and a second special defense claiming the present action is barred pursuant to General Statutes § 38a-336.
It its answer, Nationwide denied the material allegations with regard to count two and filed a first special defense claiming that any recovery by the plaintiff can be no greater than the available coverage of $25,000 minus all applicable set offs and credits, and a second special defense claiming its coverage is excess to all other available coverage.
On January 9, 1997, ITT filed its answer denying the material allegations with regard to the third count and filed a special defense alleging that the claim is barred pursuant to § 38a-336. CT Page 1592 That same day, ITT filed this motion for summary judgment. ITT moves for summary judgment on the ground that count three is not an underinsured motorist claim as it pertains to ITT.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Citation omitted.) Doty v. Mucci, 238 Conn. 800, 805,679 A.2d 945 (1996). A material fact is a fact that will make a difference in the result of the case. Hammer v. Lumberman's MutualCasualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). "The party seeking summary judgment has the burden of showing the absence of any genuine issue of material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Citation omitted.) Doty v. Mucci, supra, 805. "[T]he party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Suarez v. Dickmont Plastics Corp., 229 Conn. 99,105, 639 A.2d 507 (1994). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . ." (Citation omitted.) Dotyv. Mucci, supra, 805.
General Statutes § 38a-336 (b), uninsured and underinsured motorist coverage, states that "[a]n insurance company shall be obligated to make payment to its insured up to the limits of the policy's uninsured and underinsured motorist coverage after the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements, but in no event shall the total amount of recovery from all policies, including any amount recovered under the insured's uninsured and underinsured motorist coverage, exceed the limits of the insured's uninsured and underinsured motorist coverage."
Subsection (d) further provides that "[i]f a person insured for uninsured and underinsured motorist coverage is an occupant of a nonowned vehicle covered by a policy also providing uninsured and underinsured motorist coverage, the coverage of the occupied vehicle shall be primary and any coverage for which such person is named insured shall be secondary. All other applicable policies shall be excess. The total amount of uninsured and underinsured motorist coverage recoverable is limited to the highest amount recoverable under the primary policy, the secondary policy or any CT Page 1593 one of the excess policies."
The plaintiffs contend that § 38a-336, as amended byPublic Act 93-297, does not apply because the policy issued by ITT was effective October 1, 1993, prior to the January 1, 1994 effective date of Public Act 93-297 (P.A. 93-297). General Statutes §38a-336 was repealed and replaced by section one of P.A. 93-297. Section 29 of P.A. 93-297 states that "[t]his act shall take effect from its passage, except that sections 1, 2 and 5 to 24, inclusive, and section 28 shall take effect January 1, 1994, and sections 1, 2 and 5 to 24, inclusive, shall be applicable to acts or omissions occurring on or after January 1, 1994. The alleged accident occurred on May 31, 1994, accordingly § 38a-336, as amended byP.A. 93-297, is applicable in this case.
Nationwide's policy to Capobianco provides liability coverage in the amount of $50,000. Furthermore, Capobianco's uninsured and underinsured motorist coverage is $100,000 per person and $300,000 per occurrence when stacked. Stacking in this instance is allowed pursuant to the Supreme Court's decision in Allstate Ins. Co. v.Ferrante, 201 Conn. 478, 518 A.2d 373 (1986). At the time of the accident, Dorothy Krzyczkowski had an insurance policy with ITT with uninsured and underinsured motorist coverage limits of $100,000.
ITT argues that pursuant to § 38a-336 (d), the uninsured and underinsured motorist coverage provided by ITT is secondary to the uninsured and underinsured motorist coverage provided by Nationwide; therefore, the ITT policy is not available for disbursement in this case.
ITT's argument relies on a finding of liability against Capobianco and Nationwide. If those parties were found liable then, pursuant to § 38a-336 (d), ITT's uninsured and underinsured motorist coverage would be secondary to that provided by Nationwide. Since the uninsured and underinsured motorist coverage policies provided by ITT and Nationwide are each for $100,000 the total amount recoverable could not exceed that amount. Under these circumstances, ITT would be correct in its assertion that its policy would not be available for disbursement.
However, since there has been no final adjudication of liability as to Capobianco and Nationwide, ITT's motion for summary judgment is premature because until liability is established it is impossible for this court to determine whether or not Dorothy CT Page 1594 Krzyczkowski's claim would trigger uninsured and underinsured motorist coverage under ITT's policy.
Accordingly, ITT's motion for summary judgment as to count three of the plaintiffs' complaint is denied.
HON. WALTER M. PICKETT, JR. State Judge Referee