[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM DATED MARCH 27, 1997
On May 19, 1993, the plaintiffs, Cynthia Vavrek and her husband, Lawrence J. Vavrek, filed a seven-count Complaint alleging various causes of action resulting from alleged sexual abuse of the Plaintiff, Cynthia Vavrek, by her father, the Defendant, Peter T. VanSuetendael. It is alleged that from January 1, 1964, when the Plaintiff. Cynthia Vavrek was 2 1/2 years old, until December 30, 1969, when she was 8 1/2 years old, the Plaintiff was "systematically and continually sexually molested and abused by her father," the Defendant. The Seventh Count of said Complaint is a count sounding in loss of consortium by the Plaintiff, Lawrence J. Vavrek, husband of the Plaintiff, Cynthia Vavrek.
It is undisputed that the incidents out of which the underlying action arises occurred some 17 to 22 years prior to the marriage between the Plaintiff, Cynthia Vavrek, and the Plaintiff, Lawrence J. Vavrek. The Defendant asserts that he is entitled to Summary Judgment on the husband's claim for loss of consortium (Count where the alleged injury occurred prior to the marriage of the parties.
The Plaintiffs assert that the harm that the Plaintiff, CT Page 2601 Lawrence J. Vavrek, alleges in his consortium claim results from an injury which continues in the heart and mind of his wife, the Plaintiff, Cynthia Vavrek. every day of her life. That harm, it is claimed, clearly has caused the Plaintiff. Lawrence J. Vavrek the loss of his wife's consortium. The Plaintiffs argue therefore, that Summary Judgment should not issue on the consortium claim.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Doty v.Mucci, 238 Conn. 800, 805, 679 A.2d 945 (1996); Practice Book § 384. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law; . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact . . . Summary judgment may be granted where the claim is barred by the statute of limitations." (Citations omitted; internal quotation marks omitted.) Doty v. Mucci, supra,238 Conn. 805-06; see Practice Book § 381.
It is clear and undisputed that the marriage between the Plaintiffs in this matter took place some 22 years after the claimed molestation of the Plaintiff, Cynthia Vavrek, began and some seventeen years after the claimed molestation ended. The issue before the court then is whether the Defendant is entitled to judgment on Count seven of the Complaint (the loss of consortium claim) as a matter of law because the Plaintiffs were not married when the alleged molestation occurred.
The controlling case on this issue is Gurliacci v. Mayer,218 Conn. 531, wherein the Court held ". . . that a cause of action for loss of consortium does not exist where the injury occurred prior to the marriage of the parties."
The Plaintiffs have failed to present any argument or legal precedent to persuade this Court to disregard the controlling law on this issue as expressed in Gurliacci.
Accordingly, the Defendant's Motion for Summary Judgment as CT Page 2602 against the Plaintiff, Lawrence J. Vavrek, only is granted.
CARROLL, J.