[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKETENTRY NO. 112)
The minor plaintiff, Sandi Schaefer, through her father, Charles Schaefer, filed a revised complaint on April 18, 1997 against the defendant, Mount Southington Ski Area, Inc. The plaintiff alleges that while skiing the "Giant Slalom" race course on the defendant's premises on February 7, 1995, she fell while racing on the course and struck the defendant's snowmaking equipment, thereby sustaining injuries, to her damage. The plaintiff alleges that her injuries were caused by the negligence and carelessness of the defendant.
The defendant filed a motion for summary judgment on August 5, 1997, on the grounds that the defendant owes the plaintiff no duty pursuant to General Statutes § 29-212, or in the alternative, that the plaintiff's claims are barred by General Statutes §§ 29-214 (2) and 29-214 (3).[1] Although the plaintiff represented at the hearing a memorandum in opposition had been filed, no memorandum of law could be located. Consequently, the matter is decided on the basis of oral arguments and the defendant's memorandum.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other CT Page 10734 proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doty v.Mucci, 238 Conn. 800, 805, 679 A.2d 945 (1996). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Internal quotation marks omitted.) Id. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book § 381." (Citation omitted; internal quotation marks omitted.) Id., 805-06.
The plaintiff argues that this matter should be decided on the general principles of premises liability; to wit, that the operator owed a duty to the plaintiff to maintain the ski trail in a reasonably safe condition for the use to which it was intended.
However, the defendant argues that it owed no duty to the plaintiff, because the plaintiff's injuries resulted from a risk inherent in the sport of downhill skiing. The defendant argues that the duties and responsibilities of ski area operators and downhill skiers are defined under General Statutes § 29-212, which generally prohibits actions against ski area area operators by injured skiers except for injuries caused by the negligent operation of the ski area, and provides that skiers assume the risk of and responsibility for any injury to themselves or their property arising out of the hazards inherent in the sport of skiing. The defendant argues that the legislative history supports its contention that the statute was enacted to limit the liability of ski resort operators where a skier assumes an inherent risk of the sport of skiing. The defendant further argues that the plaintiff, an advanced skier, knowingly assumed the risks of downhill slalom skiing as a matter of law, because she received a lift ticket upon which was printed a release describing the dangers inherent in downhill skiing.[2] The defendant relies on cases from this jurisdiction interpreting § 29-212, as well as cases from other jurisdictions interpreting similar statutes.
Section 29-212 provides in pertinent part that "[e]ach skier CT Page 10735 shall assume the risk of and legal responsibility for any injury to his person or property arising out of the hazards inherent in the sport of skiing, unless the injury was proximately caused by the negligent operation of the ski area by the ski area operator, his agents or employees. Such hazards include, but are not limited to: (1) Variations in the terrain of the trail or slope . . . or variations in surface or subsurface snow or ice conditions, except that no skier assumes the risk of variations which are caused by the operator unless such variations are caused by snow making, snow grooming or rescue operations; . . . (4) trees or other objects not within the confines of the trail or slope . . . ."
Two cases have addressed the applicability of § 29-212. In Rousseau v. Beckley, Superior Court, judicial district of New Britain, Docket No. 465970 (November 27, 1996, Holzberg, J.), the plaintiff skier brought suit against the defendant operator when she fell allegedly because of a three to four foot drop in the terrain which was not marked. In granting the defendant's motion for summary judgment,[3] the court noted that § 29-212 was promulgated to limit the liability of operators, and that operators "are immune from liability for injuries arising out of the variation of the resort's trails or slopes except to the extent that those variations are caused by the operator." Id. InMihail v. Ski Sundown, Inc., Superior Court, judicial district of Litchfield, Docket No. 058967 (June 11, 1993, Susco, J.), the court granted the defendant operator's motion for summary judgment,[4] finding that the plaintiff failed to demonstrate that the defendant owed her a duty, and therefore her suit in negligence was not actionable. This court agrees.
The plaintiff testified that she had been skiing since she was three years old, and that at the time of the accident, she considered herself "not quite, but very close to" being an expert skier. (Motion For Summary Judgment, Exhibit 5, pp. 20, 23, 52). The plaintiff also testified that when proceeding down the slalom course "like all the other times," she made two turns, and on the third turn, she hit "a rut." (Motion For Summary Judgment, Exhibit 5, p. 53). The plaintiff described the rut as "normal" with a little ice in it. (Motion For Summary Judgment, Exhibit 5, p. 55). She related that she had encountered ruts during other days of skiing, and that she has seen teammates on the high school ski team hit ruts. (Motion For Summary Judgment, Exhibit 5, pp. 55-56). The plaintiff explained that she and other teammates had noticed the ruts during practice runs on the course CT Page 10736 before the accident, and that the ruts were pointed out to team members by coaches, who instructed the skiers to "slow up. " (Motion For Summary Judgment, Exhibit 5, p. 56, 57). The plaintiff also testified that after hitting the rut, she awakened to find herself "about a body's length" into the woods off of the course. (Motion For Summary Judgment, Exhibit 5, p. 59). An eyewitness to the accident, Todd Stewart, supplied an affidavit stating that the plaintiff lost control when rounding a gate on the Giant Slalom course, that she caught a rut, and slid off the snow trail, coming to rest against a snowmaking gun. (Affidavit of Todd Stewart In Support of Motion For Summary Judgment).
The defendant has clearly demonstrated that there is no issue of fact as to whether the plaintiff's accident was due to a rut, which was either a variation in the course's terrain or surface snow. This is amply supported by the plaintiff's deposition, submitted by the defendant, in which plaintiff testifies that all the members of the team had encountered the ruts, that the course "usually gets worse" as more skiers run through the course, and that "there had been a previous team racing on our course." (Motion For Summary Judgment, Exhibit 5, p. 56).
The plaintiff did not present evidence which would tend to put into question that the rut was caused by defendant's active negligence. Therefore, pursuant to § 29-212, the defendant is immune from liability. Accordingly, the motion for summary judgment should be and is hereby granted.
MELVILLE, J.