[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
ON MOTION FOR SUMMARY JUDGMENT NO. 133
Summary judgment is granted only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Doty v. Mucci, 238 Conn. 800, 805, 679 A.2d 945 (1996). "The decisions of the Connecticut Superior Court, including decisions of this court, are almost in unanimous agreement that a motion for summary judgment as to a special defense is improper.... [and] ... Practice Book § 379 does not provide for summary judgment on special defenses." (Citations omitted.) Dubourg v. Osborn, Superior Court, judicial district of Litchfield, Docket No. 065070 (July 5, 1995, Pickett, J.).
Plaintiff's first ground for summary judgment centers wholly upon the defendant's special defense. This is, as noted, an inappropriate ground for a motion for summary judgment. See, also, FDIC v. Haines, United States District Court, Docket No. 94-0473 (D.Conn. Sept. 9, 1997) (Covello, J.), for a discussion regarding whether the defendant's special defense is appropriate in the present circumstances.
The second ground asserted in plaintiff's motion for summary judgment is similarly inappropriate. FIRREA does not require exhaustion of administrative remedies where the cause of action arises from the CT Page 13104 FDIC's own post-receivership conduct. See, generally, Homeland Stores,Inc. v. Resolution Trust Corp. , 17 F.3d 1269 (10th Cir. 1994).
The plaintiff's motion for summary judgment is denied.
Nadeau, J.