[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Joseph N. Sciarrino, filed motion #123 for summary judgment against the plaintiffs, John and Virginia Haggerty. This is a dental malpractice action. The defendant seeks summary judgment on the third count of the complaint only. This count claims a violation of General Statutes § 42-110a, et seq., the Connecticut Unfair Trade Practices Act (CUTPA). The defendant attaches only a copy of the revised complaint as support for the motion.[1]
The plaintiffs have not filed an opposition to the motion.[2] Rather, the plaintiffs filed a "request for leave to file second revised complaint" and a copy of the proposed second revised complaint.
The defendant argues that he is entitled to summary judgment because "[t]he plaintiffs have not alleged and cannot establish that they sustained an ascertainable loss as a result of the alleged CUTPA violation, and, therefore, this [c]ourt should render [s]ummary [j]udgment in favor of the defendant on the [t]hird [c]ount of the plaintiffs' [r]evised [a]mended [c]omplaint."
Summary judgment is granted only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Doty v. Mucci, 238 Conn. 800, 805,679 A.2d 945 (1996). "[T]he party moving for summary judgment . . . is required to support its motion with supporting documentation, including affidavits." Heyman Associates No. 1 v.Insurance Co. of Pennsylvania, 231 Conn. 756, 796, 653 A.2d 122
(1995).
In the present case, the only documentation submitted with the defendant's motion is a copy of the revised complaint. This is not evidence that there is no genuine issue of material fact. The ground asserted in the defendant's motion is better suited for a motion to strike, which was filed but apparently never resolved. See Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1977) ("The purpose of a CT Page 14007 motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted."). While the court perhaps might agree with the defendant that the CUTPA claim is misplaced in the present action, the procedural vehicle used by the defendant does not permit the court to resolve the issue.[3]
The defendant's motion for summary judgment is denied.
So Ordered.
Dated at Stamford, Connecticut, this 11th day of December, 1997.
WILLIAM BURKE LEWIS, JUDGE