[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Frederick A. Lovejoy, has brought this action against the defendants, Joseph A. Kilbourn and Bingham Englar Jones Houston, seeking damages for the defendants' alleged improper withholding of vacation and severance pay.
The plaintiff has filed a motion for partial summary judgment, seeking wages equivalent to twenty-seven days of unused vacation time. The motion is accompanied by a memorandum of law, an affidavit, and various documents in support of the motion.
Summary judgment is granted only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Doty v. Mucci, 238 Conn. 800, 805,679 A.2d 945 (1996). "[T]he moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact . . . ." Haesche v. Kissner, 229 Conn. 213, 217,640 A.2d 89 (1994).
In the present case, the plaintiff fails to provide the court with sufficient evidence to grant his motion. The only evidence provided by the plaintiff is an affidavit by the plaintiff restating the allegations found in his complaint; an employment verification form; a pay stub; a copy of what appears to be a record of used vacation time from one of the several years the plaintiff was employed by the defendants; and a letter written by the defendant firm regarding a 401 (K) loan. This evidence is insufficient to prove that there is no genuine issue regarding whether the defendants improperly withheld the plaintiff's wages.
Additionally, the plaintiff states in his memorandum of law that he accrued twenty-seven vacation days according to the following calculation: "18 days carried forward from 1993 plus 12 days in 1994 less 3 vacation days taken in 1994 = 27 days left." In support of this calculation, the plaintiff refers to exhibit "B". CT Page 836
Exhibit "B" is attached to the plaintiff's memorandum of law. Included in exhibit "B" is a letter to the plaintiff from the defendant firm dated October 4, 1994. Highlighted in yellow magic marker is a portion of a sentence that reads: "In view of the Highlighted in yellow magic marker is a portion of a sentence that reads: "In view of the fact that you worked until August 15th of this year, your prorated vacation time would equal 12 days (1.5 days X 8 months)." The remainder of the paragraph, however, goes on to explain that the plaintiff actually had only four unused days in 1994. Additionally, the letter states that the plaintiff carried "two days from 1991 and one from 1993 into 1994." These three days plus the four 1994 days total seven unused vacation days.
Based solely on the plaintiff's evidence, the court is unable to conclude that there is no dispute over whether the plaintiff is owed wages equivalent to twenty-seven days of vacation time. The motion for summary judgment, therefore, is denied.
D'ANDREA, J.