[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 1824
Summary judgment is granted only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as matter of law. Doty v. Mucci, 238 Conn. 800, 805,679 A.2d 945 (1996). However, summary judgment is "will adapted to cases of a complex nature . . ." which often need the exploration of trial." United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 375, 260 A.2d 596 (1969). See also Miller v. UnitedTechnologies Corp., 233 Conn. 732, 752, 660 A.2d 810 (1995) (summary judgment is ill suited to dispose of complex cases.).
In the present case, the parties have collectively filed more than one hundred pages of memoranda. The memoranda are supported with hundreds of pages of affidavits and other documentary evidence. This matter is appropriately identified as "a case of complex nature." Therefore, this case is not appropriately resolved by a motion for summary judgment.
In addition to its complexity, there are a number of genuine issues of material fact, an example of which is the facts surrounding defendant Stumpf's acquiring additional shares of stock, whether such acquisition complies with the shareholders' agreement and other relevant documents, and whether or not any fiduciary duties owed to the plaintiff were breached thereby.
The defendant's motion for summary judgment (#111) is denied.
So Ordered.
Dated at Stamford, Connecticut this 10th day of February, 1998.
WILLIAM B. LEWIS, JUDGE