[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
In this civil action seeking damages for personal injuries due to alleged lead poisoning of the minor plaintiff, the defendants have moved for summary judgment on the first and second counts of the revised complaint dated March 8, 1996 and filed March 14, 1996.[1] The plaintiffs have not filed any response to the motion for summary judgment and plaintiffs' counsel did not appear for oral argument.[2]
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking CT Page 2306 summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Doty v. Mucci, 238 Conn. 800,805-06, 679 A.2d 945 (1996).
The defendants have supported their motion for summary judgment with the affidavit of the defendant Charlotte Cloman, excerpts from certain depositions including the deposition of the plaintiff Melissa Davis and documents incorporated by reference. These materials contain the following uncontradicted facts: at the inception of the plaintiffs' tenancy on September 1, 1992, the defendants had no knowledge that the apartment contained lead paint; the entire apartment had been painted prior to occupancy; the paint was intact when the plaintiffs began their tenancy as confirmed by a section 8 inspection on August 31, 1992; since there was no cracking, peeling or chipping paint the section 8 inspector "passed" the premises for lead paint; there was no chipped, cracked, blistering or peeling paint at the inception of the tenancy; the plaintiffs made no complaint to the defendant during the course of the tenancy about the condition of the paint; the defendants learned of the presence of lead paint in the apartment upon receipt of the New Haven Health Department's Order of Abatement dated July 29, 1993; and as of July 29, 1993 the plaintiffs had already moved out of the apartment.
The plaintiffs' revised complaint is premised on the claim that the apartment leased to them by the defendants "presented a health hazard" because of the presence of "leaded, chipping and peeling paint." (Revised Complaint, First Count, § 4; Second Count, § 4). The first count of the revised complaint alleges negligence. The operative theory of the second count is murky, however, in that it appears to state a cause of action for breach of contract but asserts that the breach was the defendants' failure to comply with applicable state statutes (§ 5), suggesting a negligence per se theory. In any event, whether the second count sounds in contract or negligence per se, the notice requirements are the same as for the first count, that is, actual or constructive notice to the landlord of the claimed hazardous defective condition. Lovick v. Nigro, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 542473 (February 21, 1997, Lager, J.) CT Page 2307
The defendants correctly maintain they are entitled to judgment as a matter of law because it is undisputed that the apartment's paint was intact at the inception of the tenancy, the defendants did not know of the presence of lead based paint in the apartment at the beginning of the tenancy and the defendants did not receive actual notice of the existence of hazardous levels of lead paint in the premises until after the plaintiffs moved out of the apartment. The plaintiffs have failed to provide any evidentiary foundation to demonstrate the existence of a genuine factual issue regarding whether the defendant landlords had notice of the existence of a health hazard due to leaded, chipping and peeling paint at the inception of or during the plaintiffs' tenancy. Since these are facts not peculiarly within the knowledge of the defendants, the court draws an adverse inference from the absence of any opposing affidavit. Ruddockv. Burrowes, 243 Conn. 569, 574 n. 10, ___ A.2d ___ (1998).
Accordingly, the defendants' motion for summary judgment is granted. Judgment shall enter in favor of the defendants and against the plaintiffs on the complaint.
LINDA K. LAGER, JUDGE