[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DATED JULY 15, 1998
The defendants have filed a Motion for Summary Judgement directed to testing the viability of their special defense of the statute of limitations. The parties agreed that the instant motion is an appropriate procedural vehicle for raising the issue at hand. (Summary Judgment proper where claim is barred by Statute of Limitations, Doty v. Mucci, 238 Conn. 800, 805-06).
The incident which is the subject of the instant law suit occurred on April 21, 1988. The plaintiff then a minor acting through her father initially instituted a lawsuit against the City of New Haven seeking to impose liability upon it under See.7-465C.G.S.
The parties hereto agree that the scope of the original action was narrow in its context namely that it was an attempt to implicate the municipality under Sec. 4-465, supra.
The court, Hadden, J. granted defendant City of New Haven's motion for Summary Judgment on the theory that a failure on the part of the plaintiffs to sue the involved police officer was fatal to their alleged cause of action for a recovery against the municipality under 7-465, supra, is contingent on a recovery against that involved employee who as stated was not sued.Kostyal v. Cass, 163 Conn. 92, 97. No appeal was taken from this decision.
Thereafter, by writ, summons and complaint dated January 12, 1994 the plaintiffs instituted the present lawsuit against the City of New Haven and John Faughan, who was the involved police officer, thus seeking to cure the flaw in the original action. The parties agreed that said action was limited in scope namely seeking to invoke Sec. 7-465, supra.
The Second Count of the complaint which is directed to the City of New Haven alleges in Paragraph 18 that "this action is brought pursuant to Conn. Gen. Stat. Sec. 52-592 and 52-593" which are the statutes relating to "accidental failure" of a lawsuit.
Plaintiff's counsel agreed that he was seeking to obviate the application of the statute of limitation by invoking the protection of Sec. 52-593, supra which permits the bringing of a new action where the original action failed by reason of the CT Page 8548 failure to name the right person as defendant. Sec. 52-592, supra, does not appear to apply in any event as it addresses matters of form. Here the original action did not fail by reason of the failure to name the right person as defendant, but rather it failed by reason of the failure to name any person as a defendant whose conduct might trigger the obligation of the municipality to indemnify an employee for sums he is obligated to pay by reason of liability imposed upon him by law.
Plaintiffs' mistake in failing to sue the police officer was simple as the plain import of Sec. 7-465, supra, is that liability on the part of the police officer was pre-requisite to establishing the City's obligation to indemnify.
The court is of the opinion that the matter of hand is not one wherein the plaintiff failed to sue the right person or stated differently sued the wrong party. Here the plaintiffs failed to sue any person whose conduct might trigger the application of 7-465, supra.
Hence the present action does not come within the purview of the saving provisions of Sec. 52-593 the "wrong defendant statute". Under the circumstances the statute of limitations is a valid defense.
Motion for Summary Judgment granted.
Flanagan, J.