[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action commenced by the plaintiff by complaint dated July 7, 2000. where in the plaintiff seeks to foreclose a mortgage encumbering the defendants' property dated July 22, 1999. The mortgage secured a note of even date from the defendants to the plaintiff The defendants entered pro se appearances on August 8, 2000, and filed answers to the complaint on September 27, 2000. The defendants, in their answers, deny that they have failed to pay the note. The plaintiff now moves for summary judgment pursuant to Practice Book § 17-49. In support of its motion, the plaintiff has submitted an affidavit, copies of the note and mortgage and a memorandum of law. The defendants have submitted no information to the court in opposition to the defendants' motion.
DISCUSSION
Summary judgment is appropriate "if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Miller v. United Technologies Corp., 233 Conn. 732, 744-45 (1995). "In deciding a motion for summary judgment, the . . . court must view the evidence in the light most favorable to the nomoving party. Id., 745. "[A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." (Brackets in original.) Id., 752. The party opposing the motion for summary judgment "must provide anevidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Emphasis added.) Doty v. Mucci, 238 Conn. 800, 805-06
(1996), citing Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105
(1994). "It is not enough . . . for the opposing party merely to assert the existence of . . . a disputed issue . . . Mere assertions of fact . . . are insufficient to establish the existence of a material fact and . . . cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Brackets in original.) Maffucci v.Royal Park Ltd. Partnership, 243 Conn. 552, 554-55 (1998).
The plaintiff offers the sworn affidavit of its foreclosure specialist wherein it is stated that the defendants have been in default of the subject note since March 1, 2000. The defendants, however, have presented no evidence to refute the plaintiff's evidence or to establish the existence of a material fact. The plaintiffs have denied in their answer CT Page 15000 that they have not paid the note but have presented no evidence to support that denial.
Therefore, the motion for summary judgment is granted.
Cremins, J.