[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
In this civil action seeking damages for personal injuries due to alleged lead poisoning of the minor plaintiff, the defendants Marie Simeon ("Simeon") and Hoffman Jean Louis ("Louis") have moved for summary judgment on the sixth through tenth counts of the complaint, which are the counts alleged against them. The plaintiffs have not filed any response to the motion for summary judgment.[1]
"Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.)Doty v. Mucci, 238 Conn. 800, 805-06, 679 A.2d 945 (1996).
The defendants have each filed an affidavit in support of their motion for summary judgment along with a single interrogatory response of Magda Ramos, the grandmother of the minor plaintiff and their tenant. The defendants aver the following: They are the record owners of 36 Laurel Street, Bridgeport, Connecticut and they purchased that property from Marie Rosme on December 22, 1997. Some time after that date, the minor plaintiff Hector Ramos came to live with his grandparents, Magda and Ray Ramos, in the first floor apartment of that property. The Ramos family terminated their tenancy in June, 1998. Neither Simeon nor Louis had notice of the existence of lead paint on the premises in question until CT Page 13756 they were issued written notice on June 24, 1998 from the Bridgeport Health Department. Neither Simeon nor Louis were notified by the Ramos grandparents or anyone else that the premises contained cracking, peeling, chipped or otherwise deteriorated painted surfaces prior to the receipt of this lawsuit.
The defendants correctly maintain they are entitled to judgment as a matter of law. In this case, the complaint alleges that a lead-based paint hazard was in existence prior to the minor plaintiffs occupancy of the premises. (Complaint, Sixth through Tenth Counts, ¶ 6). When it is alleged that a defect existed prior to the tenancy, the landlord is charged with constructive notice of the defect unless he alleges and proves lack of notice. Payne v. Candelora, 45 Conn. Sup. 191, 194-95,___ A.2d ___ (1998). In this case, the defendants have pleaded lack of notice in their special defenses and have provided proof of lack of notice in their documentation supporting the motion for summary judgment. The plaintiff has failed to provide any evidentiary foundation to demonstrate the existence of a genuine factual issue regarding whether the defendants had notice of the existence of a lead-based paint hazard at the inception of or during the plaintiffs' tenancy. Thus, it is undisputed that the defendants did not know of the presence of lead-based paint in or on the premises at the beginning of the minor plaintiffs occupancy and the defendants did not receive actual notice of the existence of hazardous levels of lead paint in the premises until June 1998, at which time the Ramos family did not return to the property.
Accordingly, the defendants motion for summary judgment is granted. Judgment shall enter in favor of the defendants Simeon and Louis and against the plaintiff on the sixth through tenth counts of the complaint.
 ___________________ LINDA K. LAGER, JUDGE Presiding Judge for Lead Paint Litigation
CT Page 13757