******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

AMERICAN TAX FUNDING, LLC *v.* ABRAHAM
JOSEPH BASHER ET AL.
(AC 35340)

Gruendel, Lavine and Bishop, Js.

*Argued October 30, 2013—officially released January 14, 2014*

(Appeal from Superior Court, judicial district of
Danbury, Pavia, J.)

*Thomas J. Flanagan*, for the appellant (defendant
Abraham F. Basher).

*Gary Greene*, with whom, on the brief, was *Walter
M. Spader, Jr.*, for the appellee (substitute plaintiff).

*Opinion*

LAVINE, J. This appeal from the trial court's judgment of strict foreclosure concerns the apportionment of moneys paid for past due real property taxes. On appeal, the defendant Abraham F. Basher,[1] claims that the court improperly (1) construed an agreement between the parties and (2) granted summary judgment as to his liability because there was a genuine issue of material fact with regard to the parties' agreement. We affirm the judgment of the trial court.

The record reveals the following procedural history. On January 3, 2008, the plaintiff, American Tax Funding, LLC,[2] commenced a foreclosure action for real property taxes due and owing for 35 Spring Street (property) in the city of Danbury (city).[3] The complaint alleged, in part, that Abraham Joseph Basher and Helen Basher were the owners of the property and that they had failed to pay taxes for the years 2001 through 2005. The complaint contained a count for each year in which taxes had not been paid. The defendant filed an appearance as a self-represented party.

The plaintiff filed a motion for judgment of strict foreclosure. A subsequent lien holder, the defendant, Danbury Hospital, filed a motion for foreclosure by sale. On April 11, 2011, the court ordered a judgment of foreclosure by sale and set the sale date as October 15, 2011.

On October 5, 2011, the plaintiff filed a motion to cite in additional parties, in which it represented that Abraham Joseph Basher and Helen Basher had died in 1993 and 2003 respectively, and that their heirs were necessary parties to the action. On December 2, 2011, the plaintiff filed an amended complaint alleging that the heirs of Abraham Joseph Basher and Helen Basher were the owners of the property and that they owed the city taxes that had been assessed for the years 2001 through 2005. Counsel appeared for the defendant and filed an answer. Thereafter, court granted the plaintiff's motion to open the judgment of foreclosure by sale.

On July 20, 2012, the plaintiff filed a motion for summary judgment as to liability pursuant to Practice Book § 10-70.[4] In its memorandum of law, the plaintiff represented that there were no genuine issues as to any material fact as it had proved ownership of the property at the time the taxes were assessed, that the city properly had assigned the tax liens to the plaintiff, that certificates of the continuing liens properly were filed, and that other encumbrances on the property were alleged in the complaint. The plaintiff claimed that it was entitled to summary judgment as to liability.

The defendant objected to the plaintiff's motion for summary judgment claiming that he had paid at least a portion of each of the tax liens purchased by the plaintiff. In his affidavit opposing summary judgment,[5]

he attested that he had paid more than $12,500 for taxes due and owing and that he understood, and that it was his intention, that the moneys he paid would be applied proportionately to all of the liens. He contended that Practice Book § 10-70 provides that "in any action to foreclose a municipal tax . . . lien the plaintiff need . . . allege and prove . . . that no part of [the assessed tax] has been paid," and that he paid moneys toward the satisfaction of all of the liens sought to be foreclosed. He argued that because the parties disagree as to the application of the moneys he paid, there was a genuine issue of material fact and summary judgment should not be granted.

The plaintiff replied to the defendant's objection, arguing that the defendant had misconstrued the language of Practice Book § 10-70. The plaintiff represented that the defendant had paid $12,549, which the plaintiff applied to the 2001 and 2002 liens and a portion of the 2003 lien as provided by General Statutes § 12-144b.[6] The plaintiff argued that the defendant's intention as to the apportionment of the moneys paid violated § 12-144b and that taxes remained due and owing for 2003, 2004, and 2005. It further argued that its apportionment of moneys paid raised a question of law, not fact, and that summary judgment should be granted in its favor.

On November 7, 2012, the court issued a written order denying in part and granting in part the plaintiff's motion for summary judgment. The court found that the defendant had conceded that taxes were owed the city, but that he believed that the payments he made would be applied in equal portions to each year's deficiency. The defendant had provided no document to support his belief. The court quoted language from § 12-144b that provides "[e]ach tax payment made to a municipality for taxes due on any specific property shall be applied by the municipality toward payment of the oldest outstanding tax levied on such property with the interest thereon . . . ." The court also found that the tax liens on the property for 2001 and 2002 were satisfied, and denied the motion for summary judgment as to counts one and two of the amended complaint. The court denied summary judgment as to count three, which pertained to 2003, finding that there was a genuine issue of fact pertaining to the payment of the taxes owed for that year. The court found that there was no factual dispute that that the tax liens for 2004 and 2005 had not been paid. The court, therefore, granted summary judgment as to liability with respect to counts four and five of the amended complaint. Thereafter, the plaintiff withdrew counts one through three and, on December 19, 2012, filed a motion for strict foreclosure on the basis of the remaining counts. The court granted the motion for strict foreclosure on January 7, 2013, and rendered judgment thereon. The defendant appealed.

On appeal, the defendant claims that the court improperly granted the plaintiff's motion for summary judgment as to liability with respect to counts four and five of the amended complaint because the court misconstrued the parties' agreement. We disagree.

Practice Book § 17-49 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) *Doty* v. *Mucci*, 238 Conn. 800, 805–806, 679 A.2d 945 (1996).

An appellate court's review of a trial court's decision to grant a party's motion for summary judgment is plenary. See *Neuhaus* v. *DeCholnoky*, 280 Conn. 190, 199, 905 A.2d 1135 (2006).

On the basis of our review of the record and the trial court's order granting the plaintiff's motion for summary judgment as to liability with regard to counts four and five of the amended complaint, we conclude that the court properly determined that there was no genuine issue of material fact. The defendant conceded that he was the owner of the property and that there were taxes due as alleged in the amended complaint. He, however, disputed the manner in which the plaintiff apportioned the moneys he had paid. He claims, therefore, that he had raised a genuine issue of fact sufficient to deny the plaintiff's motion for summary judgment. We disagree that the defendant's affidavit provided a sufficient evidentiary basis on which to deny summary judgment. The defendant relied on his understanding of an agreement he supposedly had with the plaintiff. He provided no evidence, however, supporting his position beyond an averment as to his belief and his intention.

"While the court must view the inferences to be drawn from the facts in the light most favorable to the party opposing the motion . . . . a party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." (Citation omitted; internal quotation marks omitted.) *Norse Systems, Inc.* v. *Tingley Systems, Inc.*, 49 Conn. App. 582, 591, 715 A.2d 807 (1998). "[W]ith respect to questions of motive, intent and good faith, the party opposing summary judgment must present a factual predicate for his argument in order to raise a genuine issue of fact." *Waida Enterprises, Inc.* v. *Hirschfeld*, 224 Conn. 240, 250, 618 A.2d 506 (1999).[7] The court,

therefore, properly granted the plaintiff's motion for summary judgment as to the defendant's liability.

The judgment is affirmed and the case is remanded for the purpose of setting new law days.

In this opinion the other judges concurred.

[1] When the action was commenced, Abraham Joseph Basher, Helen Basher, the City of Danbury, Danbury Hospital, John Doe, and Jane Doe were named as defendants. They are not parties to this appeal. In this opinion, we refer to Abraham F. Basher, who was cited in, as the defendant.

[2] Pursuant to General Statutes § 12-195h, the city previously had assigned the five liens on the property to American Tax Funding, LLC. During the course of the proceedings, American Tax Funding, LLC, assigned the liens to ATFH Real Property, LLC, which was substituted as the party plaintiff. Immediately prior to argument before this court, the liens were assigned to VMF TL1, LLC, which was substituted as the party plaintiff.

[3] John Doe and Jane Doe were served at the property.

[4] Practice Book § 10-70 (a) provides in relevant part: "In any action to foreclose a municipal tax . . . lien the plaintiff need only allege and prove: (1) the ownership of the liened premises on the date when the same went into the tax list, or when said assessment was made; (2) that thereafter a tax in the amount specific in the list, or such assessment in the amount made, was duly and properly assessed upon the property and became due and payable; (3) . . . that thereafter a certificate of lien for the amount thereof was duly and properly filed and recorded in the land records of the said town on the date stated; (4) that no part of the same has been paid; and (5) other encumbrances as required . . . ."

[5] The defendant averred, in part, as follows in his affidavit in opposition to summary judgment:

"2. Subsequent to the commencement of this action, I entered into an agreement with the Plaintiff to pay the monies due under the tax liens that had been sold to the Plaintiff by the City of Danbury.

"3. Pursuant to that agreement, I have paid the Plaintiff more than $12,500.

"4. It was my understanding and intention that the monies would be applied to all the liens that had been purchased by the Plaintiff."

The affidavit does not refer to a written manifestation of the agreement, and the record contains none.

[6] General Statutes § 12-144b provides: "Each tax payment made to a municipality for taxes due on any specific property shall be applied by the municipality toward payment of the oldest outstanding tax levied on such property with the interest thereon; provided, if there is litigation pending between the municipality and the party liable for the oldest outstanding tax on such property concerning such oldest outstanding tax, such tax payment shall only be applied to the oldest outstanding tax on such property which is not involved in such litigation, provided this section shall not apply to tax payments tendered by third parties pursuant to contract or by operation of law."

[7] The defendant has argued on appeal that the plaintiff was not bound by § 12-144b because it is not a municipality. We need not decide that question, as the defendant failed to demonstrate that he and the plaintiff had an agreement that the moneys he paid would be apportioned equally to all of the tax liens.

_____