[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By summons and complaint dated April 24, 1996, the plaintiffs, Myrna and Gordon Hagbourne, commenced this medical malpractice action against the defendants, Ian Cohen, Associated Women's Health Specialists, P.C., Ian Campbell, Waterbury Anesthesiology Associates and Waterbury Hospital Health Center.[1]
In their amended complaint, filed October 11, 1996, the plaintiffs allege that as a result of the defendants' negligence, the plaintiff Myrna Hagbourne suffered injuries and damages during a surgical procedure performed on January 31, 1994.
Along with their complaint, the plaintiffs provided, as required by General Statutes § 52-190a(a), a certificate of reasonable inquiry that grounds existed for a good faith belief that the defendants' alleged negligence caused their injuries. On January 31, 1996, the plaintiffs had petitioned and received, pursuant to General Statutes § 52-190a(b), a ninety day extension of time to permit the reasonable inquiry necessary to obtain the foundation for the good faith certificate. It is undisputed that Waterbury Anesthesiology Associates was not mentioned in the petition.
On September 23, 1997, the defendant Waterbury Anesthesiology Associates filed a motion for summary judgment as to the second and fifth counts of the operative complaint, claiming that because it was not specifically mentioned in the petition, the statute of limitations was not tolled, thereby entitling it to judgment as a matter of law. On October 10, 1997, the plaintiff Myrna Hagbourne filed a memorandum in opposition,[2] to which the defendant then filed a reply memorandum.
[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the CT Page 545 moving party is entitled to judgment as a matter of law." Dotyv. Mucci, 238 Conn. 800, 805, 679 A.2d 945 (1996); Practice Book § 384. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law; . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . Summary judgment may be granted where the claim is barred by the statute of limitations." (Citations omitted; internal quotation marks omitted.) Doty v. Mucci,supra, 238 Conn. 805-06; see Practice Book § 381.
General Statutes § 52-584 provides, in relevant part, that "[n]o action to recover damages for injury to the person . . . caused by . . . malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care, should have been discovered. . . ." General Statutes §52-190a(a) requires an attorney filing an action seeking damages from a health care provider to make reasonable inquiry and to file a certificate that "such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant." This certificate must be filed within the time period allowed by the statute of limitations. Subsection (b) states: "Upon petition to the clerk of the court where the action will be filed, an automatic ninety-day extension of the statute of limitations shall be granted to allow the reasonable inquiry required by subsection (a) of this section. This period shall be in addition to other tolling periods."
"The purpose of the certificate is to evidence a plaintiff's good faith derived from the precomplaint inquiry. It serves as an assurance to a defendant that a plaintiff has in fact made a reasonable precomplaint inquiry giving him a good faith belief in the defendant's negligence." LeConche v.Elligers, 215 Conn. 701, 711, 579 A.2d 1 (1990). In Burton v.West Hartford Obstetrics Gynecology. P.C., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 392280 (August 1, 1994) (12 CONN. L. RPTR. 268), the court, Corradino, J., held that the failure of a plaintiff to name a potential defendant in the petition to toll does not subject the CT Page 546 claim to a statute of limitation bar, so long as the defendant was served within the 90 day tolling period. "[G]iven the possibility of an unfair result occurring because the statute passed by the legislature does not use more exact and explicit language to cover this situation, a court should interpret the statute to avoid that unfair result. . . . [T]he general purposes of the statute would be better served by permitting the petition to toll the statute against doctors not named in the petition." Burton v. West Hartford Obstetrics Gynecology,P.C., supra. Although the defendant correctly points out that one Connecticut court has reached the opposite conclusion; seePerfetto v. Daoud, Superior Court, judicial district of Hartford-New Britain at Hartford Docket No. 367421, 8 CONN. L. RPTR. 406 (February 24, 1993) (Wagner, J.); this court finds the holding of Burton persuasive.
In the present case, the plaintiffs timely filed their petition for a ninety day extension of the statute of limitations. Service was subsequently made upon Waterbury Anesthesiology Associates on April 25, 1996, within the ninety day tolling period. Therefore, the statute of limitations has not run against this defendant, and the motion for summary judgment is denied.
Kulawiz, J.