[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a motion to strike all nine counts of the plaintiff's complaint on the grounds that they are barred by the statute of limitations.
This action was brought by the plaintiffs against Shell Oil Co. (Shell) on March 18, 1997. The plaintiffs allege in their complaint that Tanya Tolchin lived with her family at the family home in Woodbury, Connecticut from 1982 through 1989. The plaintiff claims that during that period of time the water supply for the home was a private well and that gasoline leaked from underground storage tanks located at a gasoline station in Woodbury owned and operated by Shell into the Tolchin's well and as a result the plaintiff claims to have contracted an illness known as polycythemia vera.
The plaintiff's complaint alleges that Shell alerted the plaintiff's family of the potential contamination of the Tolchin's well in November of 1989. The exact date in November is not provided. The court will, therefore, use November 30, 1989 as the date of notification. It is apparent from the complaint that the tortious acts complained of could not have occurred after that date.
If the statute of limitations contained in either C.G.S. §§ 52-577, 52-584 or 42-110g(f) apply, the plaintiff's claims would be barred, the plaintiffs having brought them long after the expiration of any of these statutes.
The plaintiff seeks to avoid the harsh consequences of the aforementioned statute of limitations by arguing that the nine counts of their complaint can be brought based upon C.G.S. § CT Page 243252-577c. This section governs actions to recover damages for personal injury or property damage caused by exposure to a hazardous chemical substance or mixture or hazardous pollutant. Section (b) of 52-577c provides that an action based on such an occurrence "shall be brought within two years from the date when the injury or damage complained of is discovered or in the exercise of reasonable care should have been discovered."
Section 52-577c contains various definitions of the substances covered by the statute. "Hazardous pollutant" is defined in the statute as any designated or referenced chemical considered to be a "hazardous substance" under Section 101 of the Comprehensive Environmental Response, Compensation and Liability Act (CERLA); 42 U.S.C. § 9601. CERLA is specifically referenced in our state statute and hazardous substance is defined in CERLA as not including petroleum . . . or any fraction thereof . . . 42 U.S.C. § 9601 (14) 1994. This provision is commonly referred to as the petroleum exclusion. WilshireWestwood Associates v. Atlantic Richfield Corp. , 881 F.2d 801,803 (9th Cir. 1989).
The plaintiff contends that they are within the scope of the extended statute of limitations and are not effected by the statutory exclusion because their claim is based upon contamination as a result of the release of a hazardous chemical substance or mixture as defined in § 52-577c(a)(3) and thus they are not affected by the Connecticut Supreme Court case ofDoty v. Mucci, 238 Conn. 800 (1996) which recognizes the petroleum exclusion.
The weakness in the plaintiff's argument is that if this suit could be brought based on the definition of a hazardous chemical substance or mixture contained in subsection (3) of § 52-577c(a) then the petroleum exclusion clearly mandated by subsection (4) would be rendered null and void.
"It is a basic tenet of statutory construction that the legislature did not intend to enact meaningless provisions. In construing statutes, we presume that there is a purpose behind every sentence, clause, or phrase used in an act and that no part of a statute is superfluous." Castagno v. Wholean, 239 Conn. 336,346 (1996) (citations and internal quotation marks omitted). "A statute must be interpreted to give effect to all its provisions. No word within a statute is to be rendered mere surplusage."Westport Taxi Service Inc. v. Westport Transit District, CT Page 2433235 Conn. 1, 40 (1995) (citations omitted). Courts interpreting a statute should not construe certain clauses in a manner that nullifies others. State v. Walton, 41 Conn. App. 831, 842 (1996).
In construing an act, a court must make "every part operative and harmonious with every other part insofar as is possible. . . . In addition, the statute must be considered as a whole, with a view toward reconciling its separate parts in order to render a reasonable overall interpretation." Williams v. BestCleaners, Inc., 237 Conn. 490, 499 (1996) (citations omitted). Courts "are obligated to search for a construction of the statute that makes a harmonious whole of its constituent parts." Int'lBrotherhood of Police officers, Local 564 v. Borough of JewettCity, 234 Conn. 123, 136 (1995) (citations omitted). Thus, the proper interpretation of § 52-577c, one which considers the statute as a whole and makes all its parts operative and harmonious with each other, is to construe the petroleum exclusion as an exception to the entire statute, including subsection (3).
It is clear that the plaintiff's claims are outside the scope of § 52-577c and based upon that conclusion the motion to strike must be granted.
Thomas V. O'Keefe Jr., Judge