[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Dora Spetsaris, has filed a two count complaint against Arthur P. and Maria T. Heliotis, Hugo Meller, and Richard Fogel. The plaintiff, in count two of the complaint, alleges that she fell while walking upon a driveway owned and maintained by the defendant Meller. The plaintiff, in count one of the complaint, alleges that she fell while walking upon a driveway owned and maintained by the defendants Heliotis'. Meller owns the driveway servicing 110 East Avenue in Norwalk, Connecticut. The Heliotis' own the driveway servicing 108 East Avenue in Norwalk Connecticut.
The defendant Meller has filed a motion for summary judgment accompanied by a memorandum and documentation in support of the motion. The defendant argues that there is no genuine dispute over the fact that the plaintiff did not fall on his property. The plaintiff has filed a memorandum in opposition.
Summary judgment is granted only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Doty v. Mucci, 238 Conn. 800, 805,679 A.2d 945 (1996). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party[.]" (Internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co., supra,235 Conn. 202.
The defendant provides several documents in support of his motion. These documents all indicate that the plaintiff did not fall on the defendant's property. First, the plaintiff admits, in her requests for admission, that she "landed . . . in the driveway servicing 108 East Avenue." Second, the plaintiff, in her deposition, marked on a photograph where she fell. This mark is not on the defendant's property. And, finally, an affidavit signed by Paul Brautigam, a land surveyor, states that on the day CT Page 2610 of the plaintiff's alleged fall, "[the defendant] did not have any interests in the driveway located at the site of the fall."
Even if these documents alone were insufficient to prove that the plaintiff did not fall on the defendant's property, the plaintiff fails to provide any evidence whatsoever to indicate that she fell on this defendant's driveway, rather than on the Heliotis' driveway. "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is, a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . ." (Internal quotation marks omitted.) HomeIns. Co. v. Aetna Life Casualty Co., supra, 235 Conn. 202. Here, the plaintiff fails to provide any such evidence.
The plaintiff provides admissions made by the co-defendant, Arthur P. Heliotis. These admissions, however, do not rebut the defendant Meller's claim that the fall did not occur on his property. The plaintiff also provides an unidentified document which appears to be a transcript of a conversation between an Anna Maragos and Bob Heidgerd of the CNA Insurance Company. The plaintiff's purpose in providing this document is unclear, as again, it does not rebut the defendant's claims. Further, the admissibility of such a document is questionable. Similar questions arise regarding a letter submitted by the plaintiff written by the defendant Heliotis' insurance company. The insurance company, in that letter, claims that the plaintiff fell on the defendant Meller's property. This letter, however, is not evidence regarding where the plaintiff fell. This letter also is not evidence which rebuts the defendant Meller's claim that the plaintiff did not fall on his property.
The trial court in Montagnon v. City of New Haven, Superior Court, judicial district of New Haven at New Haven, Docket No. 279934 (Oct. 24, 1991, Hodgson, J.), granted a motion for summary judgment based on virtually identical grounds: "The plaintiff's assertion of liability against the movant rests on the theory that the movant owned, maintained or controlled the area of sidewalk on which he fell. Both ownership and control are facts amenable to ascertainment by simple means, however the plaintiff has offered nothing to counter the movant's submission, which is to the effect that it neither owned, maintained or controlled the area at issue." CT Page 2611
In the present case, there is no genuine issue of material fact regarding whether the plaintiff fell on the defendant Meller's property. All of the evidence provided indicates that the plaintiff did not, and therefore the motion for summary judgment in favor of the defendant Meller only, is granted.
So Ordered.
D'ANDREA, J.