[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT #125
The plaintiff, Frank J. Mitchals, filed a one-count amended complaint against the defendants, John J. Russell and James Russell, on November 13, 1997. The plaintiff alleges that on or about April 8, 1995, John J. Russell was operating an automobile which was owned by his father, James Russell, on Whitney Avenue in Trumbull, when his vehicle collided with the rear of the plaintiff's automobile. The plaintiff claims that John J. Russell was operating the automobile negligently, and, in an amended complaint dated November 10, 1997, that James Russell, the owner of the vehicle, is vicariously liable pursuant to General Statutes § 52-182,[1] the family car doctrine.
On March 20, 1998, the defendants filed a motion for summary judgment on the ground that the amended complaint alleged a cause of action pursuant to § 52-182 for the first time after the expiration of the applicable statute of limitations.[2] The plaintiff filed a memorandum in opposition to the defendants' motion for summary judgment, arguing that the amendment relates back to the original complaint. The defendants filed a reply memorandum dated May 21, 1998. The matter was heard by the court on May 26, 1998.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]. . . ." (Internal quotation marks omitted.) Maffucci v. Royal Park Limited Partnership,243 Conn. 552, 554-55, ___ A.2d ___ (1998). "Summary judgment may be granted where the claim is barred by the statute of limitations."Doty v. Mucci, 238 Conn. 800, 806, 679 A.2d 945 (1996). CT Page 6896
"A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . . . A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action. . . . A change in, or an addition to, a ground of negligence or an act of negligence arising out of the single group of facts which was originally claimed to have brought about the unlawful injury to the plaintiff does not change the cause of action. . . . It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated. . . . Our relation back doctrine provides that an amendment relates back when the original complaint has given the party fair notice that a claim is being asserted stemming from a particular transaction or occurrence, thereby serving the objectives of our statute of limitations, namely, to protect parties from having to defend against stale claims. . . ." (Citations omitted; internal quotation marks omitted.) Barrett v. Danbury Hospital,232 Conn. 242, 263-64, 654 A.2d 748 (1995).
The plaintiff alleged in the original complaint that the automobile he was driving was rear-ended by an automobile owned by James Russell and operated by John J. Russell. Although the summons and complaint named both James and John J. Russell as defendants, no negligent allegations were alleged against James Russell in the original complaint. The new allegations specifically allege that James Russell is the father of John J. Russell, and is therefore liable pursuant to § 52-182. The amended allegations do not allege a new cause of action against James Russell, but merely specify a basis of liability against one already a party to the action. This cause of action against James Russell relates back to the allegations in the original complaint, because the defendants were put on notice that James Russell was being sued under either the family car doctrine or General Statutes § 52-183 as a result of the collision. Although the plaintiff should have alleged in the original complaint that he was specifically suing James Russell as the father of John J. Russell pursuant to § 52-182, his failure to do so was not fatal, as Practice Book § 109A, now Practice Book (1998 Rev.) § 10-3,[3] is directory rather than CT Page 6897 mandatory. Heyman Associates No. 1 v. Insurance Co. ofPennsylvania, 231 Conn. 756, 796, 653 A.2d 122 (1995).
 CONCLUSION
The allegations made pursuant to § 52-182 arise out of the same set of facts as those alleged in the original complaint. The defendants had notice that James Russell was being sued on a theory of vicarious liability for the alleged negligence of John J. Russell. The cause of action in the amended complaint relates back to the original complaint and thus the motion for summary judgment based on the statute of limitations is denied.
DAVID W. SKOLNICK, JUDGE