[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: RESPONDENT'S MOTION FOR SUMMARY JUDGMENT
The present action is a tax appeal brought pursuant to Connecticut General Statutes § 12-117. The plaintiff, Philip J. Nargi, is the owner of certain real property located at 100 Grand Street, Waterbury, Connecticut. That property was last valued for tax purposes in 1979. Based upon an application from the then owner of this property, in 1983 the Board of Assessment Appeals reduced the assessed value of the property from $444,500 to $324,500.
Although revaluation should have been done in 1989, to date none has been performed.
Nargi purchased the property in August, 1995. He filed the subject application for tax relief in February, 1996. After the Waterbury Board of Assessment Appeals dismissed Nargi's application, the present action followed.
By way of Special Defense, the City has responded "The plaintiff is barred the remedy he seeks having requested and received relief from the Board of Tax Review since the date of the last revaluation, specifically 1983 and having failed at that time to take an appeal from the doings of the Board of Tax Review." The City's Motion for Summary Judgment followed.
"A motion for summary judgment is designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). As noted by the Connecticut Supreme Court inHertz Corporation v. Federal Insurance Company, 245 Conn. 374,380, ___ A.2d ___ (1998).
[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . .Miller v. United Technologies Corp. , 233 Conn. 732, 744-45,660 A.2d 810 (1995). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Id., 745. The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law;D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434,429 A.2d 908 (1980); and the party opposing such a motion must provide an CT Page 1478 evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book 381 [now Practice Book (1998 Rev.) 17-46]. . . . Suarez v. Dickmont Plastics Corp. ,229 Conn. 99, 105, 639 A.2d 507 (1994)." (Internal quotation marks omitted.) Doty v. Mucci, 238 Conn. 800, 805-806, 679 A.2d 945
(1996).
A "material fact" is a fact that will make a difference in the result of the case. See Hammer v. Lumberman's Mutual CasualtyCo., 214 Conn. 573, 578, 573 A.2d 699 (1990). Finally, "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) Connell v. Colwell, 214 Conn. 242,246-47, 571 A.2d 116 (1990).
In the present case, the defendant's motion for summary judgment "is properly granted if it raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact." Perille v.Rebestos-Manhattan-Europe, Inc., 196 Conn. 529, 543, 494 A.2d 555
(1985). The plaintiff has presented argument that there has been a substantial change in the nature of the property inasmuch as ownership changed since the last revaluation. Given the dicta inRalston Purina Company v. Board of Tax Review, 203 Conn. 425,435-36 (1987), the defendant City's motion for summary judgment is denied.
___________________________ JULIA DiCOCCO DEWEY, J.