[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT DONALD CALACETO'S MOTION FOR SUMMARY JUDGMENT
The Plaintiff Larry Savo brought the present action as a result of injuries allegedly sustained during the purchase of a horse.
Savo attempted to purchase a horse from the defendant, Victor Kazlauska. At the conclusion of that transaction, neither Savo nor Kazlauska could load the horse into a trailer. The defendant, Dr. Donald J. Calaceto, DVN, was called to the scene in order that he examine the animal. During the examination, the horse reacted to external stimuli and allegedly kicked Savo.
Savo has alleged that Dr. Calaceto, "Failed to take reasonable and proper precaution regarding the safety of the plaintiff and others while he conducted [an] examination of the horse." Dr. Calaceto has moved for motion for summary judgment, arguing that the plaintiff's cause of action which sounds in veterinarian malpractice fails to disclose an expert regarding the applicable standard of care and alleged breach thereof. Savo has responded that the complaint was not based upon medical malpractice but rather a general negligence claim. Specifically, Savo counters "Dr. Calaceto's skills, background, experience and ability to treat any animal is not an issue in this case."
"A motion for summary judgment is designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). As noted by the Connecticut Supreme Court inHertz Corporation v. Federal Insurance Company, 245 Conn. 374,380, ___ A.2d ___ (1998).
[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . .Miller v. United Technologies Corp. , 233 Conn. 732, 744-45,660 A.2d 810 (1995). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Id., 745. The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law entitle him to a judgment as a matter of law;D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434,429 A.2d 908 (1980); and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine CT Page 1480 issue of material fact. Practice Book 381 [now Practice Book (1998 Rev.) 17-46]. . . . Suarez v. Dickmont Plastics Corp. ,229 Conn. 99, 105, 639 A.2d 507 (1994)." (Internal quotation marks omitted.) Doty v. Mucci, 238 Conn. 800, 805-806, 679 A.2d 945
(1996).
A "material fact" is a fact that will make a difference in the result of the case. See Hammer v. Lumberman's Mutual CasualtyCo., 214 Conn. 573, 578, 573 A.2d 699 (1990). Finally, "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) Connell v. Colwell, 214 Conn. 242,246-47, 571 A.2d 116 (1990).
In the present case, the defendant's motion for summary judgment "is properly granted if it raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact." Perille v.Rebestos-Manhattan-Europe, Inc., 196 Conn. 529, 543, 494 A.2d 555
(1985). The plaintiff has alleged a cause of action based upon simple negligence, not medical malpractice. Therefore, Dr. Calaceto's motion for summary judgment is denied.
___________________________ JULIA DiCOCCO DEWEY, J.