[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#113)
 FACTS
In her amended complaint dated April 12, 2000, the plaintiff Deborah Pisano claims she suffered physical injuries as a result of the defendant Budget Termite and Control's negligent use of pesticides in her apartment. The plaintiff alleges that the defendant sprayed and/or fumigated her apartment for fleas on three separate occasions during the summer of 1996. The first occasion allegedly occurred on July 17, 1996, and subsequent occasions allegedly occurred on July 19, 1996 and August 2, 1996. The plaintiff alleges that after each of these occasions she suffered physical maladies including difficulty breathing, dizziness, light headedness, and nausea. She further alleges that she sought treatment at the hospital emergency room after both the July 17, 1996 and July 19, 1996 fumigations and has since developed an unspecified respiratory disease. Additionally, the plaintiff alleges that her injuries, including emotional distress, resulted from the defendant's negligence.
On July 16, 1999, the plaintiff commenced the present suit by serving the defendant a summons and complaint. On August 18, 2000, the defendant filed a motion for summary judgment on the ground that this action is barred by the statute of limitations set forth in General Statutes §52-584. In its motion for summary judgment the defendant claims that this suit was not brought within two years of the date the injury was first sustained or discovered. The plaintiff did not file an objection to the motion. The court heard oral argument on the motion on September 18, 2000.
 DISCUSSION
"The standard of review for summary judgment is well established. Summary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material CT Page 14620 fact together with the evidence disclosing the existence of such disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Maffucci v. Royal ParkLtd. Partnership, 243 Conn. 552, 554-55, 707 A.2d 15 (1998). "Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, 238 Conn. 800, 806, 679 A.2d 945 (1996). Summary judgment is appropriate on statute of limitation grounds when the "material facts concerning the statute of limitations [are] not in dispute. . . ." Burns v. Hartford Hospital, 192 Conn. 451, 452,472 A.2d 1257 (1984).
In the present case the defendant argues that the revised complaint is time barred because it was not brought within the applicable statute of limitations set forth in General Statutes § 52-584 which provides in relevant part: "[n]o action to recover damages for injury . . . to real or personal property, caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained or discovered. . . ." Because the plaintiff has alleged negligence, the only question remaining is when did she first sustain or discover her injury. In answering this question the court must construe the facts in the light most favorable to the plaintiff.
In the context of applying General Statutes § 52-584 to decide whether a particular action was commenced in a timely fashion, the Supreme Court has stated that "an injury occurs when a party suffers some form of actionable harm." Rivera v. Double A Transportation, Inc.,248 Conn. 21, 26, 727 A.2d 204 (1999). To construe the facts in the light most favorable to the plaintiff, the court must rely on the facts presented in the plaintiff's amended complaint. According to the plaintiff's amended complaint she first suffered an actionable harm on July 17, 1996 when she was treated at the emergency room for breathing difficulties, lightheadedness, dizziness, and nausea. Furthermore, the defendant does not dispute any of the facts in the plaintiff's amended complaint, including the date upon which plaintiff first suffered an actionable harm. This action was not commenced until July 16, 1999, over one year beyond when the statute of limitations had already run. As such, the defendant's motion for summary judgment is granted because there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.
D. Michael Hurley, Judge Trial Referee