[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (#119)
The plaintiff, F. F. Hitchcock Company, Inc. (Hitchcock), commenced this action against the defendants, Herrmidifier Company, Inc. (Herrmidifier), Trion, Inc., and Applied Thermodynamics Associates Inc. (Applied), on May 27, 1999.[1] The plaintiff subsequently amended its complaint on May 19, 2000. The plaintiff's amended complaint (complaint) is in eight counts. Counts one, two and three allege, inter alia, that the failure of the humidification system (system) to perform as represented by the defendants amounted to a breach of the defendants' CT Page 8316 express and implied warranties as set forth in General Statutes §§42a-2-314 and 42a-2-315, respectively. Counts four and five allege that the defendants' failure to tender conforming goods amounted to a breach of the contract with the plaintiff. The plaintiff alleges that the defendants' salesperson, Donald DeCapua, represented to the plaintiff that the system would operate effectively utilizing "tap" water as well as swamp" water, that the water would not drip or spit from the system and that the components of the system would require only yearly maintenance. Counts six and seven allege that the defendants have been unjustly enriched at the expense of the plaintiff.[2] On November 14, 2000, the defendants filed individual answers and special defenses alleging that counts one through seven of the complaint are barred by the statute of limitations as set forth in § 42a-2-725.
On January 30, 2001, the defendants filed a motion for summary judgment and an affidavit of DeCapua on the ground that all of the plaintiffs claims are barred by the statute of limitations. The plaintiff filed a memorandum of law in opposition to the defendants' motion for summary judgment and an affidavit of George Bowman, the president of Hitchcock, along with other documentary evidence on February 28, 2001. The defendants filed a reply memorandum in support of their motion for summary judgment on March 2, 2001.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49; Miles v. Foley,253 Conn. 381, 385-86, 752 A.2d 503 (2000). "Summary judgment may be granted where the claim is barred by the statute of limitations." Dotyv. Mucci, 238 Conn. 800, 806, 679 A.2d 945 (1996).
The defendants claim that the plaintiffs action for breach of warranty, breach of contract and unjust enrichment involves a contract for the sale of goods and, therefore, is barred by the applicable statute of limitations, General Statutes § 42a-2-725, because it was filed more than four years from the date of the delivery of the contract goods. Specifically, the defendants argue that delivery of the system was made prior to May 5, 1995, and that, because the present action was not commenced until May 27, 1999, more than four years after delivery of the system, the present action is time barred.
In response, the plaintiff argues that the installation of an expansion tank to the system indicates that the system was not complete and, therefore, not delivered until the date of the installation of such expansion tank, which occurred on May 30, 1995. The plaintiff argues that it commenced its action against the defendants on May 27, 1999, well CT Page 8317 within the statute of limitations. Alternatively, the plaintiff argues that certain representations made by the defendants' salesperson, DeCapua, regarding the system's performance with different kinds of water, amounted to a warranty extending to the future performance of the system, thereby extending the running of the statute of limitations to such future performance. Moreover, the plaintiff argues that its causes of action for breach of contract and unjust enrichment stand alone from its causes of action for breach of warranty and, therefore, are not subject to the applicable four year statute of limitations.
Section 42a-2-725 provides in relevant part that "[am action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. . . . A cause of action accrues when the breach occurs. . . . A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." General Statutes § 42a-2-725 (1) and (2); see also Flagg Energy Development Corp. v. General Motors Corp.,
Superior Court, judicial district of New Haven at Meriden, Docket No. 242198 (Feb. 15, 1995, Gaffney, J.), aff'd, 244 Conn. 126, 709 A.2d 1075
(1998) (the statute normally commences to run upon tender of delivery and the clock ticks even though the buyer does not know the goods are defective); Cincinnati v. Dorr-Oliver, Inc., 659 F. Sup. 259, 262-64
(D.Conn. 1986) (a breach of warranty occurs at the time of the delivery of the goods). "The purpose of § 42a-2-725 is to provide a finite period in time when the seller knows that he is relieved from liability for possible breach of contract for sale or breach of warranty." (Internal quotation marks omitted.) Flagg Energy Development Corp. v.General Motors Corp., supra, Superior Court, Docket No. 242198.
In the present case, there is no genuine issue of material fact as to the date by which delivery must have been completed and, therefore, the date the statute of limitations begins to run. DeCapua avers that although he does not know the exact date of delivery, he knows that "delivery was received well before May 5, 1995, given that installation was complete by that date." Two exhibits attached to DeCapua's affidavit support his claim. The first exhibit is a letter, dated August 23, 1995, regarding the installation, inspection and review of the system on May 5, 1995, and the addition of an expansion tank as a remedial measure on May 30, 1995. In the letter, he states that he and Steve Clark met at the job site on May 5, 1995, to "start the system up," and "[review] the project's installation." He further states that he "suggested as a precautionary measure that an expansion tank be installed [to the already existing system] . . . to minimize any pressure drop. . . ." The second exhibit is a letter, dated May 17, 1995, in which Kenneth Hipsky of CT Page 8318 Applied states that "[he] [has] visited the job site on several occasions [prior to May 5, 1995] to observe the operation and balancing of the humidification system, and in [his] best judgment the system appeared to be operating as promised by the manufacturer." It is clear from these two letters, composed well before any litigation was contemplated in the present case, that the system was installed on or before May 5, 1995, and that, a fortiori, the system was delivered on or before that same date.
The plaintiff does not dispute the defendants' statements nor does it submit any documentary evidence to controvert the evidence presented by the defendants. The plaintiff merely submits the affidavit of Bowman, in which Bowman states equivocally that "after the system was delivered, on or about May 30, 1995, [the plaintiff] installed an expansion tank as an addition," in an attempt to cast doubt on the defendants' assertion that delivery occurred on or before May 5, 1995. This equivocal statement does not controvert the evidence presented by the defendants, namely, that the installation of the expansion tank on May 30, 1995, was remedial in nature and, therefore, was not part of the original agreement regarding the delivery and installation of the system. In fact, the plaintiff admits in its complaint that "[t]he plaintiff completed installation [and, therefore, delivery] of the system . . . in or about April 1995." Because the plaintiff has presented no evidence to the contrary, this court concludes that there is no genuine issue of material fact that the system had been delivered before May 5, 1995, and, therefore, that the four year statute of limitations ended on May 5, 1999. The plaintiff did not commence this action, however, until May 27, 1999, well past the applicable statute of limitations. Accordingly, summary judgment is granted on counts one, two and three.
Furthermore, this court is not persuaded by the plaintiffs alternative argument regarding a warranty of future performance. The plaintiff argues that the oral representations made by DeCapua constituted a warranty extending to the future performance of the system, thereby extending the running of the statute of limitations to such future performance. "[T]o find an explicit warranty of future performance when there is an undisputed absence of a specific time period in the alleged future performance guarantee [however] runs afoul of settled law. . . . The controlling portion of 2-725 (2) applies only in a case in which the warranty explicitly extends to future performance. . . ." (Citations omitted; emphasis added; internal quotation marks omitted.) Flaag EnergyDevelopment Corp. v. General Motors Corp., supra, Superior Court, Docket No. 242198; see also New England Power Co. v. Riley Stoker Corp.,20 Mass. App. 25, 29, 477 N.E.2d 1054 (1985) (rejecting theory of warranty of future performance where no specific time frame was given because it would extend the statute of limitations indefinitely into the future). CT Page 8319
In the present case, the plaintiff has submitted no evidence to support its argument that there is any warranty that expressly extends to the future performance of the system or the installation of the expansion tank. The purported oral representations made by the defendants to the plaintiff, as alleged, contain neither a specific time limit nor any express language creating a warranty of future performance. Absent any explicit reference to the time or date of the alleged future performance, the statute of limitations begins to run at delivery. General Statutes § 42a-2-725 (2); Flagg Energy v Development Corp. v. GeneralMotors Corp., supra, Superior Court, Docket No. 242198; Cincinnati v.Dorr-Oliver, Inc., 659 F. Sup. 262-64; New England Power Co. v. RileyStoker Corp., supra, 20 Mass. App. 29. The plaintiff presents no evidence to support a claim of a warranty of future performance. Accordingly, summary judgment is granted on counts one, two and three for this reason as well.
With regard to the plaintiffs causes of action for breach of contract in counts four and five, this court concludes that the four year statute of limitations, contained in § 42a-2-725, governs these causes of action as well because the plaintiff alleges only one contract in its complaint, a contract for the sale of goods. The plaintiff's causes of action for breach of contract allege only that the defendants "failed to tender conforming goods [which] amounted to a breach of its contract with the plaintiff." Otherwise, the allegations of the breach of warranty claims are incorporated verbatim. Nowhere in the complaint or elsewhere does the plaintiff allege facts or present evidence to establish the existence of an independent contract. The contract alleged here is the same contract alleged in the previous counts of the plaintiffs complaint, a contract for the sale of goods, which is governed by the Uniform Commercial Code (UCC) and section 42a of the General Statutes. General Statutes § 42a-2-725; see also General Statutes § 42a-2-106
(a contract for sale is defined as both a present sale of goods and a contract to sell goods at a future time). The allegations of the plaintiffs breach of warranty claims and breach of contract claims are too identical to warrant a distinction in the applicability of the breach of warranty statute of limitations in § 42a-2-725. Flagg, supra, p. 147. Because the plaintiff has presented no evidence to the contrary, this court concludes that there is no genuine issue of material fact that the plaintiffs causes of action for breach of contract are barred by the applicable four year statute of limitations. Accordingly, summary judgment is granted on counts four and five.
Under the same rationale counts six and seven purportedly sounding in unjust enrichment fare no better. Contrary to the plaintiff's assertion they do not stand alone. By global incorporation from the breach of CT Page 8320 warranty counts they are literally based on the same factual allegations. These counts also are grounded in claims of breach of warranty which are governed by § 42a-2-725. These are the same claims recast under a different rubric.
While alternate causes of action may be plead, Flagg makes it clear that when they are virtually identical claims, as here, the same statute of limitation applies. Moreover, a cause of action for unjust enrichment cannot lie where a contract has been alleged, as here. It is an equitable cause of action. Burns v. Koellmer, 11 Conn. App. 385 (1987).
The defendants' motion for summary judgment on counts six and seven is granted.
Josph A. Licara, Jr. Judge