[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: SUMMARY JUDGMENT MOTION #146
On December 5, 2000, the plaintiff, Katlyn Hoskinson, through her parents, commenced an action against the Regional School District #1; Superintendent of Schools, John O'Brien; and Hope Mongeau, a teacher from North Canaan, claiming that on November 18, 1998 she suffered an injury when she fell at North Canaan Elementary School caused by the defendants negligence. On February 1, 2001, the plaintiff filed a motion to cite in additional defendants, which included the Town of North Canaan, which was granted citing in the defendant Town of North Canaan on April 17, 2001. On August 17, 2001, the defendant, Town of North Canaan moved for Summary Judgment, as to Count's Five and Six of the Plaintiff's Revised Complaint dated July 5, 2001 asserting that the plaintiff's action is barred by the applicable statute of limitations set forth in General Statutes §52-584. Specifically, the defendant argues that the plaintiff failed to commence suit against it within the applicable two year statutory period set forth in § 52-584. In response, the plaintiff argues that dismissing the action would be ineffectual because she would be able to institute a new action against the town because of the savings provision of General Statutes § 52-593.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . ." Appleton v. Board of Education,254 Conn. 205, 209, 757 A.2d 1059 (2000). "Summary judgment may be granted where the claim is barred by the statute of limitations." Dotyv. Mucci, 238 Conn. 800, 806, 679 A.2d 945 (1996). Summary judgment is appropriate on statute of limitation grounds when the "material facts concerning the statute of limitations [are] not in dispute. . . ." Burnsv. Hartford Hospital, 192 Conn. 451, 452, 472 A.2d 1257 (1984).
General Statutes § 52-584 provides in relevant part: "No action to recover damages for injury to the person . . . caused by negligence . . . shall be brought but within two years from the date when the injury CT Page 15396 is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of. . . ." General Statutes § 52-593 allows a "plaintiff in any civil action [who] has failed to obtain judgment by reason of failure to name the right person as defendant therein the plaintiff may bring a new action and the statute of limitations shall not be a bar thereto if service of process in the new action is made within one year after termination of the original action."
In this case, it is undisputed that the plaintiff commenced this action against the Town of North Canaan more than two years after her injury. Moreover, § 52-593 is inapplicable here because the initial action has not been terminated. Therefore, the defendant's motion for summary judgment is granted.
Agati, J.