[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION: (MOTION FOR SUMMARY JUDGMENT)
This is an action filed by a pro se inmate who is currently confined. The defendants are officials of the Department of Corrections. The plaintiff has alleged that on January 30, 1996, while incarcerated at the Cheshire Correctional Institution, he wrongly received a number of prison CT Page 9488 disciplinary tickets. He has now attacked the process by which he received these tickets and apparently is challenging the implied penalty as well. The defendants have moved for summary judgment pursuant to Practice Book §§ 17-44, et seq. on four grounds. First, the defendants argue that the plaintiffs complaint is barred by the statute of limitations, General Statutes § 52-577. Second, the defendants argue that the plaintiffs action is not cognizable unless he has overturned the disciplinary tickets by way of a habeas corpus petition. Third, the plaintiff has failed to state a claim that his due process rights were violated. Fourth, the plaintiff has failed to state a claim concerning his right to a particular classification.
 I
"A Motion for Summary Judgment is designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279 (1989). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Hertz Corp. v. Federal Ins. Co.,245 Conn. 374, 381 (1998). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any issues exist. Nolan v. Borkowski, 206 Conn. 495,500 (1988). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. Hertz Corp. v. Federal Ins. Co., supra, 245 Conn. 381. "The opposing party must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id. "A material fact is a fact which will make a difference in the result of a case." Suarez v. Dickmont Plastics Corp., 229 Conn. 99
(1994). Summary judgment may be granted where the claim is barred by the statute of limitations. Doty v. Mucci, 238 Conn. 800, 806, 679 A.2d 945
(1996).
 II
The plaintiff purports to bring his claim pursuant to42 U.S.C. § 1983, which does not contain its own statute of limitations. Therefore the time limitations must be determined by state statutes. Board of Regents v. Tomanio, 446 U.S. 478, 483-85 (1980). The applicable statute of limitations, therefore is General Statutes §52-577, which establishes a three year statute of limitations.
The plaintiff complains that his receipt of disciplinary tickets and the penalties for these tickets all occurred on or before January 30, 1996. Plaintiff's present action was not filed until June 11, 1999, with a return date of July 27, 1999. CT Page 9489
The court agrees that the action is time barred.
 III
The plaintiff brings the present action pursuant to 42 U.S.C. § 1983, as noted, challenging the process by which he received the disciplinary tickets. In Heck v. Humphrey, 512 U.S. 477 (1994), our Supreme Court held that a plaintiffs § 1983 action based on a claim of unconstitutional investigation by police officials was not cognizable in the absence of a showing that the ensuing conviction has been reversed, expunged, invalidated, or impinged by a grant of habeas corpus. A claim brought by a prisoner challenging the validity of procedures used to deprive him of good time is not cognizable pursuant to § 1983 unless there has been a reversal at the state level or in a federal habeas. Edwards v.Bolisok, 520 U.S. 641 (1997).
The plaintiff has chosen to attack his disciplinary tickets in the wrong forum. There is no evidence that he availed himself of the habeas corpus process.
For the reasons set forth herein, the court hereby grants the defendants' motion for summary judgment. There is no need to further address the defendants' third and fourth grounds as argued in their motion.
Arnold, J.