[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
 BACKGROUND
The plaintiffs, Maureen and Fredrick Shepard, filed a complaint dated March 11, 2002, against the defendants, Mark Greenberg and Mark Greenberg Associates, seeking damages as a result of a defect in the roof of the home they purchased from the defendants. An amended complaint was filed on June 11, 2002. On June 13, 2002, the defendants moved for summary judgment on the ground that the plaintiffs' claims are barred by the statute of limitations. In support of their motion, the defendants filed a memorandum of law. On July 3, 2002, the plaintiffs filed a memorandum in opposition to the defendants' motion for summary judgment. In support of their objection, the plaintiffs submitted the warranty deed, purchase CT Page 10210 agreement, affidavit of Maureen Shepard, receipt evidencing a payment of a retainer fee of $400 to Attorney Christopher Boylan and copies of letters Maureen Shepard wrote to Boylan. The court heard oral argument on July 8, 2002.
 ISSUE
Whether the motion for summary judgment, filed by the defendants, as to the plaintiffs' complaint should be granted because the plaintiffs' claims are barred by the statute of limitations?
 DISCUSSION
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp., 233 Conn. 732, 751,660 A.2d 810 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) QSP, Inc. v. AetnaCasualty Surety Co., 256 Conn. 343, 351, 773 A.2d 906 (2001). The movant has the burden of demonstrating the absence of any genuine issue of material fact. Miller v. United Technologies Corp., supra,233 Conn. 751-52. "[T]he party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) Appleton v. Board ofEducation, 254 Conn. 205, 209, 757 A.2d 1059 (2000). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Hammerv. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699
(1990). "`Issue of fact' encompasses not only evidentiary facts in issue but also questions as to how the trier would characterize such evidentiary facts and what inferences and conclusions it would draw from them." United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364,379, 260 A.2d 596 (1969).
The defendants move for summary judgment as to the plaintiffs' complaint on the ground that the plaintiffs' claims are barred by the statute of limitations pursuant to General Statutes §§ 42-110g, 47-121
and 52-582.
In their opposition memorandum, the plaintiffs argue that the defendants have waived any statute of limitations defense to a claim for breach of contract and warranty because the defendants have failed to CT Page 10211 specifically raise any special defense based up the statute of limitations applicable to breach of contract and express warranty and has not asserted such a defense as a basis for summary judgment. The plaintiffs further argue that equitable principles support denial of the motion for summary judgment because upon discovering the defect to the home the plaintiffs contacted an attorney for legal representation. The plaintiffs contend that they should not be held accountable for the failure of their attorney, unto whom they entrusted this action, to properly institute and diligently prosecute this lawsuit on their behalf.
It is not entirely clear from the complaint what cause of action the plaintiffs are asserting. The plaintiffs contend in their brief that this action is one for breach of contract and express warranty and directs the court to paragraph three of the amended complaint, which provides that "[d]efendant Greenberg warranted that the house conveyed to the [p]laintiffs was constructed in a workmanlike manner, free from faulty materials, according to sound engineering standards and is fit for habitation." The court disagrees.
In reviewing the complaint in the light most favorable to the plaintiffs, the court concludes that the complaint asserts a cause of action for breach of implied warranty pursuant to the new home warranties statutes. In the court's view, General Statutes § 47-121 provides the applicable statute of limitations governing this action.
General Statutes § 47-121 gives a purchaser an implied warranty upon the granting of a certificate of occupancy. Section 47-121 provides "[slubject to the provisions of section 29-265, the issuance by the building department of any municipality of a certificate of occupancy for any newly constructed single-family dwelling shall carry an implied warranty to the purchase of such dwelling from the vendor who constructed it that such vendor has complied with the building code or the customary application and interpretation of the building code of such municipality.No action shall be brought on such implied warranty but within threeyears next from the date of the issuance of such certificate ofoccupancy." (Emphasis added.)
It is undisputed that on July 25, 1995, the defendants conveyed by warranty deed to the plaintiffs a house that the defendants constructed, which is located at 288 Notting Hill Gate in Torrington, Connecticut. The city of Torrington issued a certificate of occupancy on December 19, 1991. In October 1998, the plaintiffs discovered a defect in the roof of the home. By complaint dated March 11, 2002, the plaintiffs instituted this action. This action was instituted over ten years after the issuance of the certificate of occupancy and almost seven years after the house was conveyed to the plaintiffs. Because this action was commenced beyond CT Page 10212 the three-year statute of limitations pursuant to General Statutes §47-121 the defendants are entitled to judgment as a matter of law. "Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, 238 Conn. 800, 806 (1996).
Accordingly, the court grants the defendants' motion for summary judgment.
AGATI, JUDGE.