[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #126
 FACTS
On March 29, 2001, the plaintiff, Mark Filippi, filed a revised complaint against the defendants, James Sullivan, commissioner of transportation, and Asplundh Tree Expert Company (Asplundh). In count one, the plaintiff alleges negligence on the part of James Sullivan. In count two, the plaintiff alleges common law negligence against Asplundh. The plaintiff alleges the following facts. Asplundh is a duly organized corporation engaged in the business of tree trimming and removal. On March 25, 2000, Asplundh, "acting through its agents was conducting tree trimming and removal on Interstate 95 near the northbound lane between exits 73 and 75." Asplundh caused Interstate 95 to be restricted to one lane. The complaint further alleges that "Asplundh was responsible for the maintenance of a safe traffic pattern at the site of the work . . . and . . . for erection of clear and appropriate signage and warning of the lane restrictions . . . and was further responsible for the consequent traffic stoppages and dangers posed to oncoming vehicles." As a result of Asplundh's negligence and carelessness, the plaintiff sustained "severe and life threatening personal injuries."
On January 29, 2002, the defendant, Asplundh, moved for summary judgment as to count two of the plaintiff's revised complaint on the ground that there is no genuine issue of material fact and it is entitled to judgment as a matter of law because the department of transportation (DOT) was solely responsible for the maintenance of traffic patterns and the erection of clear and appropriate signs during the tree removal service. The defendant attached a memorandum of law and numerous exhibits in support including an uncertified copy of the contract award issued to Asplundh, certified deposition testimony, and answers to Asplundh's request for admission submitted by the commissioner of transportation, James Sullivan. On May 2, 2002, the plaintiff filed a memorandum of law CT Page 11509 in opposition to the defendant's motion for summary judgment. The plaintiff attached numerous exhibits.
 DISCUSSION
Practice Book § 17-49 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) Buell Industries, Inc. v.Greater New York Mutual Ins. Co., 259 Conn. 527, 550, 791 A.2d 489
(2002). "A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book § 17-45.
In support of its motion for summary judgment, Asplundh argues that the plaintiff cannot bring a negligence action against it because Asplundh did not owe the plaintiff a contractual duty to maintain traffic safety. In opposition to Asplundh's motion for summary judgment, the plaintiff argues that the "standard specifications for roads, bridges and incidental construction" was incorporated into Asplundh's contract with the DOT. Consequently, the plaintiff argues that "Asplundh had a contractual duty to maintain a safe traffic situation and to erect and maintain clear and appropriate signage warning of the work it was performing," even thought the contract did not contain a traffic safety provision.
Additionally, Asplundh argues that it was under contract with the DOT to provide "rental of tree removal and disposal of equipment" only. Asplundh argues that there is "absolutely no mention contained within the contract [between it and the DOT] regarding . . . the maintenance of traffic patterns, erection of signage, or other related items as alleged by the plaintiff. Any such responsibility remained with the DOT." Asplundh submits a copy of its "contract award" with the DOT in support. (Asplundh's exhibit A.) The contract award contains no provisions regarding the maintenance of traffic patterns or the of signs. Asplundh also submits the deposition testimony of Frederick Atwell (Atwell), Planner II of the state of connecticut. (Asplundh's exhibit B.) Atwell CT Page 11510 avers that Asplundh was not responsible for placing, erecting or maintaining any signage or other similar warning devices at the subject work site. Atwell further testifies that Asplundh was not permitted to begin performing work until a sign pattern was established by the DOT.
In opposition to the Asplundh's motion for summary judgment, the plaintiff submits a copy of the "Standard Specifications for Roads, Bridges and Incidental Construction," Section 9.71.01. (Plaintiff's exhibit F.) Section 9.71.01 provides that "[u]nless other provisions are made on the plans or in the special provisions of the contract, the Contractor shall keep the roadway under construction open to traffic for the full length of the project and shall provide a sufficient number of travel lanes and pedestrian passways to move that traffic ordinarily using the roadway." Accordingly, the plaintiff argues that because the contract at issue contained no special provisions for traffic control and safety, the standard and supplemental specifications of Section 9.71.01 govern, thereby, imposing a duty upon Asplundh to provide traffic control measures. In addition, the plaintiff refers to Section 9.71.03 which provides that "[t]he contractor shall furnish a sufficient number of signs, barricades, drums, traffic cones and delineators to forewarn traffic of construction as shown on the traffic control plans contained within or as directed by the Engineer." (Plaintiff's exhibit F.)
In a motion for summary judgment, "[i]t is not enough . . . for the opposing party merely to assert the existence of . . . a disputed issue." (Internal quotation marks omitted.) Doty v. Mucci, 238 Conn. 800, 808,679 A.2d 945 (1996). "The opposing party must present some evidence that demonstrates the existence of some disputed factual issue." Burns v.Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984). In the present case, the plaintiff has established, through its exhibits, that there is a genuine issue of material fact concerning whether the DOT or Asplundh was responsible for erecting warning signs and controlling traffic. Both parties submit contradictory evidence.
 CONCLUSION
Asplundh's motion for summary judgment as to count two of the plaintiff's revised complaint is denied.
D. Michael Hurley, JTR CT Page 11511